## JOAN S. RUBENSTEIN v. ARTHUR G. RUBENSTEIN.

202 N. W. 2d 662.

November 24, 1972—No. 43410.

---

*O'Connor, Green, Thomas, Walters & Kelly* and *Kenneth W. Green,* for appellant.

*Leonard, Street & Deinard* and *Allen I. Saeks,* for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

Appeal by defendant husband from an order of the Hennepin County District Court modifying an amended judgment and decree of divorce. Plaintiff wife also seeks review of the order and the decree itself.

The questions for determination are (1) whether or not the trial court erred in refusing to reduce or terminate alimony and child-support payments where the assets of the defendant have diminished in value or are encumbered, and (2) whether the court erred in refusing to consider other factors apart from defendant's finances.

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

The parties were divorced pursuant to a judgment and decree dated March 17, 1969. In January 1971, upon plaintiff's motion, the original decree was amended. Neither party appealed from the original or amended decree at that time.

At the time of the divorce plaintiff was 35 years of age, had a master's degree in social work, but was not employed outside of the home. Defendant was 42 years of age, licensed to practice law in the State of Minnesota, and possessed a degree in business with a major in accounting. He was engaged in operating his own business venture, a corporation of which he is president. The parties were the parents of four children, one child 10, twins 9, and one child 7 years of age.

The court made certain findings at the time of the original decree with respect to the parties' income and net worth. The court found the defendant, in addition to his interest in jointly owned property of the parties and his interest in his own business corporation, had personal property worth $501,650, exclusive of his Chrysler automobile, $12,500 in an escrow account in Wisconsin held to pay tax claims by the State of Wisconsin, and a $25,000 promissory note of doubtful value owed to defendant by his own company. His annual income since 1961 had fluctuated from a low of $18,565 in 1961 to a high of $34,779 in 1967. (His 1966 income in the amount of $228,445 was due largely to the sale of a business in which he had an interest.) Plaintiff was not and is not employed outside of the home and produces no earnings, and the court found her net worth to be in the amount of $13,782.

The plaintiff was granted the divorce; custody of the four minor children, subject to defendant's visitation rights; the homestead; some household goods and furnishings; a bond of $100,000; cash of $10,000; and cash, stocks, and insurance policies with a total value of $13,882. The decree further provided alimony of $500 monthly and child support of $1,000 monthly, subject to certain cost-of-living adjustments; and in addition,

defendant was obligated to pay life and medical insurance premiums and certain medical expenses.

In April 1971, plaintiff moved to have defendant adjudged in contempt of court for failure to pay alimony, to obtain an order requiring him to pay it and to pay child support increased by the cost-of-living adjustments, and for certain other relief. Defendant moved for modification of the original and amended decree in respect to visitation and a reduction in alimony and child support. Ultimately, the defendant paid the existing arrearages so that any claim of contempt became moot.

The court took extensive oral testimony and thereafter modified the original and amended decree by liberalizing visitation rights, suspending defendant's obligation to pay increased alimony based on increases in the Consumer Price Index, and granted defendant a favorable clarification of his income tax liabilities. This appeal followed and we now affirm the findings and order of the trial court.

This court has repeatedly held that the modification of a divorce decree with regard to alimony and child support is within the sound judicial discretion of the trial court, and the trial court's decision will not be reversed except for abuse of such discretion. Modification of an allowance fixed by a divorce decree should not be made unless there is proof of a substantial change in the situation of the parties from that in which they found themselves when the decree was originally rendered. Botkin v. Botkin, 247 Minn. 25, 77 N. W. 2d 172 (1956) ; Kaiser v. Kaiser, 290 Minn. 173, 186 N. W. 2d 678 (1971). Such discretionary power is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those in which they were when the decree was rendered. Mark v. Mark, 248 Minn. 446, 80 N. W. 2d 621 (1957) ; McKey v. McKey, 228 Minn. 28, 36 N. W. 2d 17 (1949).

We believe the facts and rulings herein can be distinguished from the decisions in Haskell v. Haskell, 116 Minn. 10, 132 N. W. 1129 (1911), and Barbaras v. Barbaras, 88 Minn. 105, 92 N. W.

522 (1902), and the other cases cited by defendant. Haskell held a judgment for alimony may be modified upon proof of facts showing a substantial change in the financial circumstances of the party required to pay such allowance, and Barbaras, an earlier case, stated that a material change in the property and income of the husband may be a sufficient reason for a modification.

The trial court carefully considered all of the issues presented to it by the motions. Its findings and order appear fair, equitable, and based on the evidence produced at the hearings. The evidence indicated that in 1969 plaintiff had a total income of $21,111.16 and in 1970, in the amount of $26,054.19. In 1969, defendant had a total income of $27,933.13 and in 1970, in the amount of $13,740.04, plus the sum of $27,000 from the previous sale of a business. The plaintiff is still not employed outside of the home and the defendant continued full-time employment in his own business, which operated at a deficit. His net worth as of December 30, 1970, was $334,020.11.

The court further indicated its consideration of the other issues raised by the parties. We also have examined and considered all of the parties' contentions relative to those issues, but no discussion of them is necessary.

There is no factual basis in the record for holding that the trial court in any way abused its judicial discretion.

No costs or attorneys' fees are allowed to either party.

Affirmed.