## IN RE APPLICATION OF NAUGLE-LECK, INCORPORATED, TO REGISTER TITLE TO CERTAIN LANDS v. JEROME BURSCH AND OTHERS. HARRY D. FLEISCHER AND ANOTHER, APPELLANTS.

202 N. W. 2d 664.

November 24, 1972—No. 43500.

*T. H. Wangensteen,* for appellants.

*Dorsey, Marquart, Windhorst, West & Halladay, William J. Hempel, Philip F. Boelter,* and *Craig Williams,* for respondent.

Heard before Knutson, C. J., and Todd, MacLaughlin, and Schultz, JJ.

HAROLD W. SCHULTZ, JUSTICE.*

This is an appeal from an order of the district court denying defendants' motion for amended findings or a new trial.

The case arises out of an action brought by Naugle-Leck, Incorporated, to register title to certain land in Anoka County. In the registration action, a petition for summons, pursuant to

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

order of the court, was served upon Harry D. Fleischer and Doloras S. Fleischer and others. Defendants Fleischer were the only defendants to answer and claim ownership of some of the land in question.

The record indicates that in 1955 Theodore A. Dworak owned land in the southeast quarter of section 19, east of the Anoka and St. Francis Road (County Road No. 55) and west of the Rum River. In separate transactions he had acquired the land in tracts that we will designate as Parcel A and Parcel B. It was Parcel A that Dworak and his wife conveyed on November 14, 1955, to Naugle-Leck. Parcel B was conveyed to Dworak on May 7, 1955, in performance of a handwritten agreement which described the property as being "east of the St. Francis Road" and consisting of 15 acres. It was Parcel B that the Dworaks contracted to deed to defendants Fleischer in 1967 and did so convey to them on July 20, 1968.

Parcel B is an exception from Parcel A and has been so since 1894. When the Dworaks conveyed Parcel A to Naugle-Leck in 1955, they retained ownership of Parcel B. The Dworaks, 12 years later, contracted to sell Parcel B to defendants Fleischer. The deed executed pursuant to the agreement recites that Parcel B contains approximately 15 acres.

When Naugle-Leck initiated this proceeding to register title to Parcel A, however, defendants Fleischer answered, contending that they owned some of the land described in the application to register title. Their claim was based on language used, both in the deed they had received and the exception in the Dworaks' conveyance to Naugle-Leck, to describe the north boundary of Parcel B as a line running from a point on the Anoka and St. Francis Road "thence East, parallel with said Section line [between Sections 19 and 30] to the center of Rum River." If that course were followed, defendants Fleischer as the owners of Parcel B would have a 50-acre tract with very valuable river frontage despite the fact their deed recites that the property conveyed is a 15-acre tract.

After considering all the evidence, and having observed the demeanor and appearance of the parties and other witnesses, the trial court issued an interlocutory order determining bound- aries in which the court concluded that Naugle-Leck was entitled to reformation of its deed. The court found that, instead of the boundary described as running east, parallel with the section line, to the river, a fence line running from a point on the Anoka and St. Francis Road *south*easterly to the river, and enclosing a tract of 15 acres, was the intended boundary line between the tract the Dworaks sold Naugle-Leck and the tract they later sold to defendants Fleischer; that defendants Fleischer were not pur- chasers without notice of the mutual mistake of their grantors and Naugle-Leck; that it was due to the mutual mistake of both the Dworaks and the Fleischers that the deed to the Fleischers actually described an area three times larger than the parties intended; that defendants Fleischer had no interest in the tract sought to be registered; and that Naugle-Leck was entitled to reformation of the legal description in its deed to include in Par- cel A all land north of the fence line.

The trial court in a memorandum accompanying the interlocu- tory order determining boundaries stated:

"The evidence is clear and convincing that the parties were mutually agreed on a 15 acre tract. Hence the description of the larger tract in the deed was a mutual mistake and was contrary to the intention of the parties."

In a memorandum accompanying its order denying the subse- quent motion for a new trial, the trial court pointed out that the fact Parcel B had been transferred to various purchasers over 74 years indicated that its boundaries were well established; that when Dworak acquired Parcel B, it was a 15-acre tract; and that when he and his wife sold it to the Fleischers, they sold them what they had acquired. The trial court pointed out further evi- dence of the understanding of both the Dworaks and the Fleisch- ers that they were dealing with a 15-acre tract: Dworak had de-

scribed the property to defendant Harry Fleischer and shown it to him; a "For Sale" sign seen by Fleischer on the land indicated that Parcel B was a tract of about 18 acres, more or less; the deed so described the property; and Fleischer had seen and knew of the fence on the north boundary of the tract he and his wife acquired.

The trial court's findings of mutual mistake by the parties to both transactions may not be overturned on appeal unless they are manifestly contrary to the evidence. In Golden Valley Shopping Center, Inc. v. Super Valu Realty, Inc. 256 Minn. 324, 329, 98 N. W. 2d 55, 58 (1959), this court stated:

"* * * Evidence relied upon to reform a written instrument because of mutual mistake must be clear, unequivocal, and convincing. Gartner v. Gartner, 246 Minn. 319, 74 N. W. (2d) 809 [1956]. This does not mean that a party is required to establish such mistake beyond reasonable doubt. Gartner v. Gartner, *supra*. The degree of certainty essential to support a finding of reformation ordinarily rests in the judgment of the trier of fact, and the latter's determination therein will not be disturbed on appeal unless it is manifestly contrary to the evidence. Kiges v. City of St. Paul, 240 Minn. 522, 62 N. W. (2d) 363 [1953]."

Far from being manifestly contrary to the evidence, the findings of mutual mistake are supported overwhelmingly by the testimony of Dworak, a disinterested witness, and, in part, by defendant Harry Fleischer himself, whose testimony was at best equivocal.

In Taylor v. Lindenmann, 211 Iowa 1122, 235 N. W. 310 (1931), cited by the trial court, the Iowa Supreme Court, applying an evidentiary standard of clear, satisfactory, and convincing proof, held that the lower court should have granted reformation on facts much like those in the case at bar. Similarly, in Lattin v. Gray, 75 Nev. 128, 335 P. 2d 778 (1959), also cited by the trial court, the Nevada Supreme Court held that the lower court

should have granted reformation of the deeds in question on the grounds of mutual mistake.

The order of the trial court is affirmed.

Affirmed.