## HUBERT D. WILKINSON v. BRUCE McMANUS.

216 N. W. 2d 264.

March 29, 1974—No. 44235.

*Hubert D. Wilkinson,* pro se, for appellant.

*Warren Spannaus,* Attorney General, *Jonathan H. Morgan,* Solicitor General, and *Gilbert S. Buffington,* Special Assistant Attorney General, for respondent, warden of State Prison.

PER CURIAM.

Petitioner, who is incarcerated at the state prison, appeals from the district court's order denying his petition for either a writ of habeas corpus or an injunction. His petition challenged the constitutionality of the Minnesota prison labor program, under which a prisoner receives a small amount of compensation for each day that he works plus a certain amount of time off from his sentence for each month that he works at his prison job "with diligence and fidelity" and otherwise conducts himself properly. See, Minn. St. 243.18 and 243.23. As we interpret it, the petition was addressed to the low-pay issue. However, petitioner's pro se appeal brief suggests that he also intended to challenge the constitutionality, specifically under U. S. Const. Amend. XIII, of requiring prisoners to work in general.

We believe that there is no merit to either of these contentions. With respect to the claim that requiring prisoners to work is unconstitutional in that it violates the Thirteenth Amendment, we need only say that the Thirteenth Amendment by express pro-

vision permits involuntary servitude "as a punishment for crime whereof the party shall have been duly convicted." And, see, Draper v. Rhay, 315 F. 2d 193 (9 Cir.), certiorari denied, 375 U. S. 915, 84 S. Ct. 214, 11 L. ed. 2d 153 (1963). With respect to the issue of compensation, we refer petitioner to Sigler v. Lowrie, 404 F. 2d 659 (8 Cir. 1968), certiorari denied, 395 U. S. 940, 89 S. Ct. 2010, 23 L. ed. 2d 456 (1969), holding that as a general rule prisoners have no constitutional right to be paid anything for their prison labor, a holding with which we are in accord.

Affirmed.