DENNIS P. JOHNSON v. GLORIA H. JOHNSON.

232 N. W. 2d 204.

June 27, 1975—No. 45103.

*Raebern B. Hitchcock* and *Collins & Buckley,* for appellant.
*Lapp, Lazar, Laurie & Smith, Raymond M. Lazar,* and *David A. Libra,* for respondent.

PER CURIAM.

Plaintiff, Dennis P. Johnson, brought a motion to amend the child support provision of the parties' divorce decree by reducing the monthly support payments and terminating the obligation for each child on his 18th birthday. The trial court denied this motion. Plaintiff then brought a motion requesting the court to reconsider the previous motion, to make specific findings of fact and conclusions of law, or, in the alternative, to grant plaintiff a new trial. The trial court also denied this motion, and plaintiff appeals.

The parties were divorced on February 10, 1972. By the decree which incorporated a stipulation between the parties, defendant was awarded custody of the two minor children, 4 and 6 years of age; $200 a month alimony for 21 months; and $300 per child per month as child support. Paragraph 4 of the decree provided as follows:

"In satisfaction of Plaintiff's obligation to support his children, he shall pay to the Defendant as and for support the sum of Three Hundred ($300.00) Dollars per child per month, or Six Hundred ($600.00) Dollars, payable two-thirds on the 13th day of each month and one-third on the 27th day of each month, commencing January 1, 1972."

At the time of the divorce, plaintiff was a commercial airline pilot earning in excess of $2,000 per month. Defendant was a certified teach-

er, but had not taught since leaving the profession to give birth to the parties' first child.

On January 27, 1973, defendant remarried and settled with her children near Winona, Minnesota. At that time plaintiff terminated alimony payments. Defendant has been unable to find a teaching position in the Winona area. Her husband earns approximately $13,000 per year. Plaintiff has not remarried and now earns approximately $36,000 per year.

The modification of child support provisions of a divorce decree is within the sound discretion of the trial court. That discretion is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those at the time the divorce was granted. Larkin v. Larkin, 261 Minn. 414, 113 N. W. 2d 75 (1962). We will not reverse the trial court's decision in this matter absent a showing of a clear abuse of that discretion. Kiesow v. Kiesow, 270 Minn. 374, 133 N. W. 2d 652 (1965).

While it is true that plaintiff's financial circumstances have been improved by her second husband's earnings, this must be balanced by her loss of alimony, the additional family member, and the increased expenses in raising the children because of their increase in age, the fact that they are both attending school, and the obvious effects of inflation.

The trial court found that plaintiff failed to meet his burden of proof on this issue. Upon a careful review of the record herein, we agree with the trial court.

Plaintiff also argues that the failure of the trial court to make written findings of fact constitutes reversible error. While clearly the better practice is to prepare written findings of fact, Kiesow v. Kiesow, *supra,* because this matter was decided on motions, it was not technically required here. Rule 52.01, Rules of Civil Procedure.

As to other issues raised by plaintiff, see Brugger v. Brugger, 303 Minn. 488, 229 N. W. 2d 131 (1975).

Defendant is awarded $350 in attorneys fees.

Affirmed.