### ELEANOR TRIGG v. WALLACE TRIGG.

240 N. W. 2d 546.

March 19, 1976—Nos. 45581, 45724.

*Bundlie & Trygstad* and *O. T. Bundlie, Jr.,* for appellant.
*Cyril J. Bernardy,* for respondent.

PER CURIAM.

This is an appeal from an order of the district court amending a divorce decree by deleting therefrom a provision for $150 per month for alimony. The basic facts underlying the original decree are set forth in our opinion affirming that decree. Trigg v. Trigg, 299 Minn. 205, 216 N. W. 2d 263 (1974). Briefly summarized, they are as follows: (1) The parties were divorced after a marriage of 30 years; (2) they had one child, age 15, in the custody of the wife, for whom $150 per month for support was allowed; (3) they had accumulated assets valued at approximately $165,000; (4) the husband's recent earnings had ranged from $10,000 to $18,000. The trial court awarded what it considered to

be a substantial property settlement of 40 percent to the wife and correspondingly awarded a reduced amount of alimony—$150 a month. In affirming the original decree we commented: "In view of the duration of their marriage, the wife's contribution to the joint effort to accumulate their holdings, and the husband's income and earning capacity, we hold that the amounts granted the wife were in all respects reasonable and proper." 299 Minn. 206, 216 N. W. 2d 264.

In eliminating the alimony payment, the trial court relied on facts developed at an evidentiary hearing which it believed demonstrated a change in the parties' circumstances. Those facts can be summarized as follows: (1) Although the husband's occupation had changed and his salary income was reduced to $7,000 a year, he had additional income from investments such that his 1973 Minnesota income tax return disclosed adjusted gross income of in excess of $17,250. (2) The wife received $6,000 down and is receiving $100 a month on a contract for deed in the sale of her homestead. She had invested the downpayment in a mobile home in which she lives. (3) The wife is receiving $150 a month from a job and other income from investments. Although the trial court made no findings of fact to guide us as to her total income, the record reveals that the wife's gross income is something slightly in excess of $300 a month, exclusive of alimony and support.

While we are mindful of the discretion traditionally granted trial courts in these matters, Wolfgram v. Wolfgram, 295 Minn. 560, 204 N. W. 2d 403 (1973), we have also held that allowances in divorce decrees should not be modified absent proof of a *substantial* change in the situation of the parties from when the decree was entered. Rubenstein v. Rubenstein, 295 Minn. 29, 202 N. W. 2d 662 (1972). In Rubenstein, we commented: "Such discretionary power is to be exercised with great caution and only upon clear proof of facts showing that the circumstances of the parties are markedly different from those in which they were when the decree was rendered." 295 Minn. 32, 202 N. W. 2d 664. The record in the instant case reveals little meaningful change in the net worth or economic circumstances of these parties in the 2 years since their divorce. Although the sources of the husband's income have changed, the amount has remained substantially the same. Furthermore, we perceive no equity in penalizing the wife for taking and holding a low-paying job to support herself and her son when her total disposable income remains no more than adequate in these economic times. The order eliminating alimony is reversed and the case remanded for further proceedings consistent with this opinion.

Appellant is allowed $350 attorneys fees on this appeal.
Reversed.