In re the Marriage of Bruce David Joseph KELZENBERG, petitioner, Respondent,

v.

Jean Mary KELZENBERG, Appellant.

No. C7–84–392.

Court of Appeals of Minnesota.

Aug. 14, 1984.

Michael G. Singer, Minneapolis, for respondent.

Pamela L. Green, New Hope, for appellant.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant alleges the trial court erred in forgiving $147.00 of child support arrearages and reducing child support by $49.00 per month. We affirm.

## FACTS

Appellant, Jean Mary Kelzenberg, and respondent, Bruce Joseph Kelzenberg, were married in November of 1978 and divorced in January of 1983. They have one child who resides with the appellant. At the dissolution trial appellant and respondent stipulated that they were employed at the United States Postal Service and respectively earned a net income of $1,343 and $1,355 per month. Respondent also indicated he received an additional

$450 in monthly rental income. The parties allege the rental income was excluded from the net income used to determine respondent's child support obligation, but was considered in the evaluation of respondent's reasonable and necessary living expenses. Under the dissolution decree, respondent's child support obligation was $338 per month.

In October of 1983, appellant moved for judgment on outstanding child support arrearages amounting to $1,251. A hearing was held on the outstanding arrearages on December 27, 1983. At the hearing, respondent's counsel requested the court to forgive a portion of the accumulated arrearages and reduce future monthly child support alleging that respondent's ability to meet his financial responsibilities had diminished by the loss of his monthly rental income.

After respondent was questioned, the trial court judge explained to counsel and the parties that he was going to treat respondent's request for forgiveness of arrearages and reduction in child support as a motion for reduction in child support. Respondent's counsel did not file a written motion requesting forgiveness of arrearages or reduction in child support. Appellant's counsel did not object to the trial court proceeding in this manner.

At the hearing the respondent submitted a pay stub indicating he earned approximately $533.85 in net income every pay period. This pay stub also allegedly included some compensation for overtime. Respondent is paid twice a month. The difference between respondent's present income and his income at the time of the dissolution was not explained.

At the time of the dissolution respondent was awarded the homestead. Respondent then had two people renting from him to assist with the payment on the two mortgages on the home. It appears respondent's monthly rental income amounted to $450. Respondent's testimony indicated that in about March of 1983 both renters stopped paying rent. One renter moved out, and the other renter, respondent's brother, had a nervous breakdown, became unemployed, but still lives with the respondent. Respondent also alleges he is helping to support his brother.

Respondent further testified that he is presently in a financial bind because he is late on his mortgage payments and has to work extensive overtime to try and make ends meet. Respondent alleges he has been paying the amount of child support he could afford to pay and claimed appellant did not need the support money, as evidenced by her ability to take leave from work without pay.

At the conclusion of the hearing, the trial court reduced respondent's future child support payments to $289 per month, a $49 reduction. The $289 per month figure was allegedly reached by making a comparison of respondent's present income to the child support guidelines. Appellant's counsel assisted the court in reviewing the guidelines. At the time the dissolution was granted the child support guidelines were not in effect.

The trial court also ordered that respondent's child support arrearages be reduced by $147. The trial court arrived at the $147 amount by retroactively reducing respondent's child support obligation by $49 per month for the months of October, November and December of 1983. The court ordered judgment against respondent in favor of appellant amounting to $1,104.

## ISSUE

Did the trial court err in reducing respondent's child support payments by $49.00 and retroactively applying the reduction for October, November, and December of 1983?

## ANALYSIS

Appellant claims the trial court was without authority to forgive any portion of the accrued arrearages, contending that an inability to pay support is not a defense to an independent action for judgment on child support arrearages. However, the court did not treat this as an independent action for judgment on child support arrearages, but instead acknowledged that it

was going to jointly consider respondent's requests as a motion for reduction in arrearages and child support. In this situation respondent's ability to make child support payments is relevant to the court's considerations. *Weinand v. Weinand*, 286 Minn. 303, 175 N.W.2d 506 (1970).

■ Appellant also claims she was denied a fair opportunity to be heard. An examination of the record indicates appellant's counsel had an opportunity to question the respondent, and that both parties had an opportunity to present testimony in support of their claims. Appellant's counsel did not object to the court treating the hearing as a motion for reduction in child support. Counsel did not raise the issue of inadequate notice, nor claim that the motion for reduction in child support should have been submitted in writing. A party's failure to object or raise an issue in the trial court generally precludes review on appeal. *Matter of Welfare of K.T.*, 327 N.W.2d 13, 16, 17 (Minn.1982); *Davis v. Davis*, 306 Minn. 536, 538, 235 N.W.2d 836, 838 (1975), appeal dismissed, 426 U.S. 943, 96 S.Ct. 3160, 49 L.Ed.2d 1180 (1976).

■ The modification of child support is guided by Minn.Stat. § 518.64, subd. 2 (Supp.1983), which in part provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children and the financial circumstances of each party's spouse, if any. A modification which decreases support or maintenance may be made retroactive only upon a showing that any failure to pay in accord with the terms of the original order was not willful.

The moving party has the burden of proof and must show: "1) a substantial change in circumstances, and 2) that none of his past failures to pay were willful." *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct. App.1984). The modification of child support provisions is within the sound discretion of the trial court and will not be reversed absent a clear abuse of that discretion. *Johnson v. Johnson*, 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975).

■ An examination of the record indicates the trial court did not err by modestly reducing respondent's monthly child support by $49 per month and retroactively applying this reduction for three months, reducing the accumulated arrearages by $147. As a result of losing a substantial amount of rental income, due to circumstances beyond respondent's control, respondent's needs have greatly increased since the original dissolution. Arrearages may be forgiven upon proof of causative circumstances beyond the debtor's control. *Peterson v. Peterson*, 304 Minn. 578, 580, 231 N.W.2d 85, 87 (1975). Respondent's net monthly income has also apparently decreased. It appears respondent made partial payments of child support in accordance with his ability to pay. Reasonable inferences from the record indicate that respondent's non-payment of child support was not willful. Respondent carried his burden of proof, and thus the court did not err in making the reductions retroactive. *See* Minn.Stat. § 518.64, subd. 2 (Supp. 1983).

■ Although the trial court failed to make specific findings that indicate respondent sustained his burden under Minn.Stat. § 518.64, subd. 2, and it is better practice to make such findings, under these circumstances, written findings are not technically required. *Solon v. Solon*, 255 N.W.2d 395, 397 (Minn.1977); *Johnson v. Johnson*, 304 Minn. 583, 584, 232 N.W.2d 204, 206 (1975); *Bouman v. Reiter*, 297 Minn. 494, 210 N.W.2d 215, 216 (1973).

## DECISION

The trial court did not err in reducing respondent's monthly child support pay-

ments by $49.00 per month and retroactively applying the reduction for three months in 1983.

Affirmed.