**Theodore GIENCKE, Appellant,**

**v.**

**Joan HAGLUND (f.k.a. Joan Giencke), Respondent.**

**No. C6–84–1386.**

Court of Appeals of Minnesota.

March 5, 1985.

Thomas P. Knapp, Hughes, Thoreen & Sullivan, St. Cloud, for appellant.

Julie M. Pawluk, Minneapolis, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

RANDALL, Judge.

Ted Giencke appeals from a judgment amending a decree of dissolution with respect to provisions concerning child support. We reverse.

## FACTS

The marriage of Ted and Joan Giencke [1] was dissolved in 1980. Pursuant to the judgment and decree of dissolution, Ted was required to pay child support for the parties' two minor children in the amount of $200 per month per child, or $400 per month total.

In 1984 Joan moved to amend the judgment, and after hearing testimony of the parties the court issued an order directing that child support be increased to $270 per month for each child, or $540 per month total. This determination was based upon findings by the court that: (a) the needs of the children had increased since judgment was originally entered; (b) Ted's earnings had increased substantially since entry of the original judgment; and (c) Joan's earnings had increased substantially since entry of the original judgment. Ted has appealed, claiming that the court's findings were erroneous and that there was no evidence or finding that the terms of the prior decree were unreasonable and unfair.

## ISSUE

Whether there is evidence in the record to support a conclusion that the increased needs of the children and the changed circumstances of the parties have rendered the terms of the original decree of dissolution unreasonable and unfair.

## ANALYSIS

Although there is evidence in the record to support the court's determination that the needs of the children have increased and that the earnings of both Ted and Joan have increased since entry of the original dissolution order, the trial court failed to find that these changed circumstances have made the terms of that order unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984) expressly provides:

> The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; * * *any of which makes the terms unreasonable and unfair.* * * *

1. Joan has remarried, and her name is now Joan Haglund.

(Emphasis supplied.) Ted argues that the absence of an express finding on this question renders the entire modification void.

■ Recent decisions indicate that findings are not absolutely necessary where a court modifies a judgment of dissolution under Minn.Stat. § 518.64, subd. 2. In *Kelzenberg v. Kelzenberg,* 352 N.W.2d 845 (Minn.Ct.App.1984) this court discussed a trial court's failure to make findings regarding whether or not non-payment of child support was willful. (Minn.Stat. § 518.64, subd. 2 provides that a modification decreasing support may be made retroactive only where it is shown that failure to pay was not willful.) *Kelzenberg* stated:

> Although the trial court failed to make specific findings that indicate respondent sustained his burden under Minn.Stat. § 518.64, subd. 2, and it is better practice to make such findings, under these circumstances, written findings are not technically required.

*Kelzenberg,* 352 N.W.2d at 847. Authority for the above statement is found in *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977); *Johnson v. Johnson,* 304 Minn. 583, 584, 232 N.W.2d 204, 206 (1975); and *Bouman v. Reiter,* 297 Minn. 494, 210 N.W.2d 215, 216 (1973). *See also* Rule 52.01, Minn.R. Civ.P., which states that "[f]indings of fact and conclusions of law are unnecessary on decisions of * * * any * * * motion * * *."[2]

Thus in this instance the absence of the finding in question is not fatal. However, we must nonetheless determine whether the record could support a conclusion that the changed circumstances have made the terms of the original decree unreasonable and unfair. *See Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984).

■ There is merit to Ted's claim that the parties' changed circumstances have not rendered the terms of the original child support order unreasonable and unfair. Although it was demonstrated that the needs of the children have increased, and that Ted's earnings have increased (from approximately $31,000 to $46,000), the evidence *also* demonstrates that Joan's own income increased from approximately $2,300.00 to $10,000.00 and that her new husband earns approximately $57,000. The trial court specifically called Joan's earnings increase "substantial." In addition, the trial court's order makes no mention of the fact that both parties have remarried since the original judgment was entered. Minn.Stat. § 518.64, subd. 2 specifically states that "[o]n a motion for modification of support, the court *shall* take into consideration the * * * financial circumstances of each party's spouse, if any." (Emphasis supplied). Undisputed evidence in the form of tax records showed Joan's second husband's income at $57,000.00. Thus, even admitting that the needs of the children have increased, there is no evidence that those increased needs have not been adequately offset by Joan's increase in her new family's total income. Joan argues that her new husband also has to pay child support by reason of a prior marriage, but there was no showing or finding that his child support obligation is so substantial that his income should be discounted.

■ We note that trial courts are given broad discretion in determining and modifying child support, *Kirby,* 348 N.W.2d at 394; however a court must exercise this discretion "with great caution and only upon clear proof of facts showing that the

---

**2.** We are cognizant of our recent decision of *Derence v. Derence,* 363 N.W.2d 86 (Minn.Ct. App. Feb. 19, 1985). There the trial court, without specific findings and without addressing the question of fairness or reasonableness prescribed by Minn.Stat. 518.64, subd. 2, almost doubled the non-custodial spouse's child support up to the recommended child support guidelines of Minn.Stat. § 518.551, subd. 5 (Supp.1983). Because of the lack of testimony or findings, we remanded to the trial court with direction to make findings on such factors as net income, needs of the children, and whether the changes since dissolution made the original order unfair and unreasonable. We stated in *Derence* that only after those findings were made could modification pursuant to the child support guidelines be addressed. Our direction in that case to the trial court to make findings on those areas was not a general rule in derogation of Minn.R.Civ.P. 52.01, but was a statement relating to the factual circumstances of *Derence.*

circumstances of the parties are markedly different from those in which they were when the decree was rendered," *Rubenstein v. Rubenstein*, 295 Minn. 29, 32, 202 N.W.2d 662, 664 (1972).

 Although review of this case has been rendered difficult by the absence of specific findings, the record discloses no proof of changed circumstances which have rendered the terms of the original decree unreasonable and unfair. The terms "unreasonable and unfair" as used in Minn. Stat. § 518.64, subd. 2 are strong terms which place upon the claimant a burden of proof more than cursory. If the terms of child support as set out in the original decree are not found to be unreasonable and unfair by reason of changed circumstances, then changed circumstances alone do not support an upward or downward child support modification. Accordingly, the order authorizing modification is reversed.

### DECISION

The trial court erred when it modified the terms of an original child support order where there was no evidence that the children's increased needs and the parties' changed circumstances rendered the terms of the original order unreasonable and unfair.

Reversed.

FORSBERG, J., dissents.

FORSBERG, Judge, dissenting:

I respectfully dissent. I do not agree that the trial court clearly abused its discretion.