In re the Marriage of Judy Rae **HEATH**, Petitioner, Respondent,

v.

**O.V. HEATH, Appellant.**

**No. C8–86–1829.**

Court of Appeals of Minnesota.

March 31, 1987.

---

1. It would appear Skjod could seek contractual relief from the plumbing subcontractor or the general contractor.

Terence J. McCloskey, Minneapolis, for petitioner-respondent.

Paul D. McRoberts, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and RANDALL and STONE,* JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Appellant O.V. Heath appeals from a judgment claiming the trial court acted unreasonably in its refusal to modify his support obligations. We reverse and remand.

## FACTS

The parties' marriage was dissolved in 1984 following a default hearing. A written stipulation established the property division, maintenance, and child support. At the time of dissolution, appellant was a self-employed sail maker. On appellant's 1984 income tax return he reported net business income of $9,600, plus $2,786 for Naval Reserve participation. Using these figures, the court set appellant's support obligations at $475 per month: $300 per month for maintenance and $175 per month for child support.

In March 1986 appellant brought motions to suspend his support payments and forgive his current support arrearages. Appellant argued that his support obligations were unreasonable and unfair in light of significant financial reverses he experienced in his business operations. During 1985, appellant reported just $2,255 of business income.

Appellant's motions were heard and denied by the trial court. In its decision, the trial court did find that appellant's income had decreased and that respondent's in-

come had increased, and did find that there was a change in the parties' circumstances, but concluded that the original order was neither unreasonable nor unfair and should not be modified. The trial court made no findings on the needs of the parties or of the minor child. The trial court did find that appellant placed $2,000 in an IRA account in 1984 and 1985, and that appellant had made no efforts to secure other employment. None of the findings were tied to any specific legal conclusion.

Appellant appeals the trial court's decision, contending the trial court erred in denying his motions by failing to properly consider his decreased income, respondent's increased income, and the parties' needs.

## ISSUE

Did the trial court's denial of appellant's motions for relief constitute error?

## ANALYSIS

The decision to modify a support order rests in the broad and sound discretion of the trial court. *Johnson v. Johnson,* 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975). Exercise of this discretion is tempered by Minn.Stat. § 518.64, subd. 2 (1984) which reads:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. On a motion for modification of support, the court shall take into consideration the needs of the children * * *.

*Id.*

The Minnesota Supreme Court clarified the application of Minn.Stat. § 518.64 in

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

*Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986). *Moylan* requires the court to consider the four factors listed in Minn.Stat. § 518.64 to determine whether they, "alone or in combination, create a substantial change in circumstances warranting a modification of child support * * *." *Id.* at 864.

The trial court's findings are inadequate to support its decision. Despite the trial court's finding that appellant's income had decreased and respondent's income had increased, the trial court refused to reduce appellant's support obligations. The trial court's decision, as it presently stands, is unreasonable. The trial court did not find that appellant had undisclosed income or any source other than what appears in the record, yet the trial court left intact previous orders which now require appellant to pay in maintenance and support "one hundred percent or more" of what he nets. If the trial court believed that appellant had other undisclosed income, it did not so find, and on appeal we cannot speculate.

Therefore, we remand the support modification issue to the trial court with instructions to make further findings. In addition to making further findings on appellant's income, the trial court should make findings regarding the needs of the parties and of the child. Minn.Stat. § 518.64, subd. 2. As the court stated in *Erickson v. Erickson,* 385 N.W.2d 301, 303 (Minn.1986):

> We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration.

## DECISION

The trial court's refusal to modify the support obligation stated in the original order represents an abuse of discretion. We reverse and remand to the trial court for further consideration of this issue.

Reversed and remanded.