**In re the Marriage of Lynne T. LEE, Petitioner, Appellant,**

v.

**Philip N. LEE, Respondent.**

**No. C8–86–1944.**

Court of Appeals of Minnesota.

May 12, 1987.

Kenneth P. Griswold, Ruttenberg, Griswold, Orren & Assoc., St. Paul, for appellant.

Lawrence D. Cohen, Bloomington, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and PARKER, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from reduction of child support arrearages and an order to sell the homestead. We affirm.

## FACTS

Philip and Lynne Lee's marriage was dissolved in 1975. The decree granted Lynne custody of their two minor children and support of $62.50 per week for each child and possession of the homestead until the youngest child reached eighteen. At the time of the house sale the net balance was to be divided equally except Philip's share would be charged with the amount of the mortgage principal reduced by Lynne's payments on the mortgage.

As of October 12, 1979, Philip's arrearages were $187.50. In July 1986, Philip moved for forgiveness of his arrearages and an order compelling the sale of the homestead, indicating that as of the 18th birthday of their youngest child, he was $12,700 in arrears in child support. He described a history of disablement between 1979 and 1983 due to clinical depression, alcoholism and chemical dependency. Philip's income was $300 in 1980, he had no income in 1981 and 1982 (he lived off loans and sale of capital assets), and his gross personal income was $5,421 in 1983. Lynne wanted the full amount of the arrearages paid, or alternatively application of the arrearages against Philip's equity in the house.

The referee forgave all of Philip's arrearages except for the $187.50 owed at the end of October, 1979, and ordered the homestead sold and the proceeds divided pursuant to the original divorce decree. Lynne was to receive credit for the amount she reduced the mortgage from the time of the divorce to the sale of the home. The decision was affirmed by the trial court.

## ISSUE

Did the trial court abuse its discretion in forgiving respondent's child support arrearages?

## ANALYSIS

The trial court has broad discretion in modifying child support and will not be reversed unless the order is arbitrary, unreasonable or without evidentiary support. *Bledsoe v. Bledsoe*, 344 N.W.2d 892, 895 (Minn.Ct.App.1984). Forgiveness of arrearages is a retroactive support modification. The moving party must show (1) a change of circumstances justifying modification and (2) that the past failure to pay was not willful. *Id.* The moving party has the burden of proof. *Johnson v. Johnson*, 304 Minn. 583, 584, 232 N.W.2d 204, 205 (1975).

Lynne does not dispute the drop in income, but argues that Philip has a substantial asset in the homestead and should pay the arrearages from his equity, which she calculates is approximately $25,000. Philip approximates his equity as $17,671, with Lynne receiving $31,671. The fact that Philip might now be able to pay arrearages if and when the house is sold, does not make his nonpayment in the past willful because he did not have access to that source of income during the period support arrearages were accruing.

Lynne does not dispute the fact that there were significant changes in Philip's circumstances but argues Philip's lack of income was caused by his alcoholism, which was somehow voluntary on his part. Lynne cites criminal law cases where self-intoxication by chronic alcoholics is not a defense. *See State v. Johnson,* 327 N.W.2d 580, 582–83 (Minn.1982); *State v. Patch,* 329 N.W.2d 833, 836 (Minn.1983). Lynne also argues Philip provided no medical evidence in support of his claimed disability.

Philip responds by asserting that alcoholism is a disease whose treatment is covered by health insurance policies. *See* Minn. Stat. § 62A.149, subd. 1; *see also Granville House, Inc. v. Department of Health and Human Services,* 715 F.2d 1292, 1300–03 (8th Cir.1983). Both parties chose to rely on affidavits. Philip's affidavit provides dates, places of treatment and names of treating physicians. Lynne's own affidavit supports the fact that Philip's problems interfered with his life and ability to be employed. We conclude that in an appropriate case such as this, alcoholism may provide the basis for determining that nonpayment was not willful.

Lynne argues that Philip's claim should be barred under the doctrine of laches because he did not move for relief until three years after his support obligation ended. We will not address this issue because it is raised for the first time on appeal. *Morton v. Board of Commissioners,* 301 Minn. 415, 427, 223 N.W.2d 764, 771 (1974).

We note that Lynne also violated the original decree by failing to sell the house when the youngest child reached majority and she has been living in the house since that time, thereby depriving Philip of his equity during that time.

## DECISION

Modification of child support was not a clear abuse of discretion. The trial court is affirmed.

Affirmed.