*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1464**

In re the Marriage of:
Mary Patricia Myhre, petitioner,
Respondent,

vs.

Steven Kenneth Myhre,
Appellant.

**Filed April 11, 2016
Affirmed; motion denied
Cleary, Chief Judge**

Dakota County District Court
File No. 19AV-FA-11-2029

Merlyn L. Meinerts, Burnsville, Minnesota (for respondent)

Edward F. Rooney, Minneapolis, Minnesota (for appellant)

        Considered and decided by Cleary, Chief Judge; Rodenberg, Judge; and Smith, John, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CLEARY**, Chief Judge

In this appeal from the denial of his motion to reduce child-support and spousal-maintenance obligations, appellant Steven Kenneth Myhre argues that the district court abused its discretion by failing to find a substantial change in circumstances and made clearly erroneous findings regarding his income. We affirm.

## FACTS

Respondent Mary Patricia Myhre married appellant on February 28, 1998. They have three children together. Respondent is employed as a realtor. Appellant is the owner and sole shareholder of Nortec Communications, Inc., an S corporation specializing in telecommunications.

In February 2012, the district court dissolved the marriage pursuant to the parties' stipulation and awarded the parties joint legal and physical custody of their children. *Myhre v. Myhre*, No. A12-2276, 2013 WL 5976065, at *1 (Minn. App. Nov. 12, 2013). The district court awarded respondent $915 in monthly child support and $2,760 in permanent monthly spousal maintenance. *Id.* In November 2013, however, this court ruled that the district court had abused its discretion and had made clearly erroneous findings regarding the parties' income. *Id.* The district court's decision was reversed in part and remanded. *Id.* at *1, *5. On remand, the district court, by judgment entered July 29, 2014, decided a variety of issues related to division of marital property, and required that appellant pay respondent $1,848 in monthly child support and $3,460 in permanent monthly spousal maintenance.

On May 13, 2015, while an appeal of the judgment entered on remand was pending before this court, the district court released an order addressing several other issues. The district court held, among other things, that appellant was in constructive civil contempt for failure to pay support in the amount of $74,789.50 and denied appellant's motion for modification of his child-support and spousal-maintenance obligations.

In its memorandum denying this motion for modification, the district court concluded that appellant's income had not changed significantly enough to require modification of his maintenance and support obligations. Appellant argued that because he derived most of his income from Nortec's profits, and because these profits had decreased in recent years, he was entitled to modification of support. However, the district court relied on a five-year average of appellant's income and concluded that appellant had not met his burden to show a significant change in income sufficient to render the support and maintenance obligations unreasonable and unfair.

On July 13, 2015, this court affirmed the district court's July 29, 2014 judgment. *Myhre v. Myhre*, No. A14-1937, 2015 WL 4171758, at *7 (Minn. App. July 13, 2015). Appellant now seeks review of the May 13, 2015 judgment denying his motion for modification of his child-support and spousal-maintenance obligations.

## D E C I S I O N

Appellant argues that the district court abused its discretion by denying his motion for modification of his child-support and spousal-maintenance obligations. In support, appellant contends that the district court's calculation of his income was clearly erroneous because it took the mean of his last five years of income, and that a correct calculation of

3

his income would demonstrate a substantial change in his circumstances. He also argues that the district court's decision should be reversed based on other clearly erroneous factual findings.

The district court has broad discretion in deciding child-support and spousal-maintenance issues and we will not reverse the district court's determination absent a clear abuse of that discretion. *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn. 1999); *Melius v. Melius*, 765 N.W.2d 411, 414 (Minn. App. 2009). A court abuses its discretion if it improperly applies the law. *Pikula v. Pikula*, 374 N.W.2d 705, 710 (Minn. 1985). "A district court's determination of income for maintenance purposes is a finding of fact and is not set aside unless clearly erroneous." *Peterka v. Peterka*, 675 N.W.2d 353, 357 (Minn. App. 2004). "Findings of fact are clearly erroneous when they are manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Kampf v. Kampf*, 732 N.W.2d 630, 633 (Minn. App. 2007) (quotation omitted), *review denied* (Minn. Aug. 21, 2007).

Upon a showing of substantially decreased gross income of an obligor, the district court may modify a spousal-maintenance or child-support award. Minn. Stat. § 518A.39, subd. 2(a) (2014). Modification of such awards should be made "cautiously and only upon clear proof of facts showing that a substantial change in circumstances renders modification equitable." *Wiese v. Wiese*, 295 N.W.2d 371, 372 (Minn. 1980) (regarding modification of spousal maintenance); *see also Rubenstein v. Rubenstein*, 295 Minn. 29, 32, 202 N.W.2d 662, 664 (1972) (stating the same standard in the context of modification of a child-support award).

"A party moving to modify an award of maintenance bears the burden of showing a substantial change of circumstances since the . . . [award] was originally set." *Youker v. Youker*, 661 N.W.2d 266, 269 (Minn. App. 2003), *review denied* (Minn. Aug. 5, 2003). After carrying this initial burden, "[t]he moving party must then demonstrate that these changed circumstances render the original award unreasonable and unfair." *Youker*, 661 N.W.2d at 269.

> It is presumed that there has been a substantial change in circumstances . . . and the terms of a current support order shall be rebuttably presumed to be unreasonable and unfair if . . . the gross income of an obligor or obligee has decreased by at least 20 percent through no fault or choice of the party . . . .

Minn. Stat. § 518A.39, subd. 2(b) (2014); *see also Rose v. Rose*, 765 N.W.2d 142, 145 (Minn. App. 2009) (noting that when a 20% income reduction is proved, the presumption of a substantial change in circumstances is irrebuttable).

Appellant must establish that the court abused its discretion by ruling that his changed income did not represent a substantial change of circumstances. In its July 29, 2014 order, the district court found that appellant's average income for the years 2008-2012 was $272,115 and used this income amount in determining the amount of child support and spousal maintenance. In its May 13, 2015 order denying appellant's motion for modification, the court continued to use a five-year average to determine appellant's income. The court stated, "At every step of this proceeding, the financial experts . . . have relied on a five-year average of [appellant's] business income to account for the ebbs and flows of self-employment." Based on this method, the court determined that appellant's income had not decreased enough to make the original awards unreasonable and unfair.

5

The court also noted that appellant "presented no evidence he has had to reduce his personal standard of living to reflect the alleged reduction in net profits of Nortec."

Appellant's income was significantly less in 2013 and 2014 than in 2008-2012, the years considered in determining the original support awards. His single-year income in 2014 was about 45% less than the 2008-2012 five-year average. However, his five-year average for the five most recent years reflected in the record, 2010-2014, was only about 16% less than the original five-year average from 2008-2012. Therefore, if the district court was correct in applying the five-year average method, appellant's decrease in income is less than the 20% statutory threshold.

Appellant argues that the court's determination of his income was clearly erroneous because it incorrectly applied this five-year average method. When a party does not have a stable, predictable income, a court may determine that party's income by calculating the mean income over several years. *Swick v. Swick,* 467 N.W.2d 328, 333 (Minn. App. 1991) (affirming use of a five-year average when obligor did not have "a steady, determinable flow of income"), *review denied* (Minn. May 16, 1991); *Veit v. Veit*, 413 N.W.2d 601, 606 (Minn. App. 1987) (affirming use of 42-month average to determine obligor's income, because his income as a real estate agent fluctuated). However, such averaging may not be appropriate where changes in income reflect a steady trend or permanent change, rather than unpredictable fluctuations. *Sefkow v. Sefkow*, 372 N.W.2d 37, 47-48 (Minn. App. 1985) (holding that a three-year average did not reflect obligor's current income, which had been steadily increasing), *remanded on other grounds*, 374 N.W.2d 733, 733 (Minn. 1985).

In *Sefkow*, this court concluded that the district court had improperly relied on an average of the obligor's previous three years of income in determining that party's income. *Sefkow*, 372 N.W.2d at 48. The court stated that the obligor's income "increased 21.4 percent in 1982, and 21.3 percent in 1983," making the average an improper approximation of what he would be expected to earn in the future. *Id.* ("[T]here is no evidence that [the obligor's] 1981 or 1982 earnings reflect his income in 1984 and 1985.").

Appellant asserts that he presented evidence demonstrating that his drop in income represented a trend, rather than fluctuation. Because appellant's income is primarily derived from Nortec's profits, this issue hinges on whether Nortec's decreased profits in 2013 and 2014 constitute a trend. Appellant presented evidence of several reasons why he believed that his business would continue to be less profitable than it had been in the past. First, he testified that labor costs had increased, because he had to give employees raises in order to retain them. Second, appellant testified that in order to generate new revenue streams, he had to reinvest money in the company for development, rather than drawing it out as profit. Appellant also testified that Nortec was audited, which required payment of unpaid sales taxes from several years past. This expense reduced profits.

This evidence is not sufficient to find that the district court's application of the five-year average was an abuse of its discretion. Several of appellant's arguments may actually contradict his position. For example, the payment of back taxes due to the audit is essentially a one-time expense that drove down profits for that year, but will not do so going forward. Additionally, reinvestment of funds in the business to develop new revenue streams should increase profits when those investments come to fruition. Assuming the

reinvestment has the intended effect, it will reduce profits in the short term but raise profits in the long term. This is the type of strategy that can create year-to-year profit fluctuation, and that can make multi-year averaging of a business owner's income a more accurate estimate than a single year.

In addition, appellant's income has fluctuated significantly in the past. For example, appellant's change in income from 2009 to 2010 (increase of about 35%) represented nearly as great a change as from 2012 to 2013 (decrease of about 42%). The magnitude of appellant's recent change in income was not unprecedented, which undercuts his argument that this variance is outside the bounds of his normal year-to-year fluctuation.

The district court's determination of income is due deference by this court and will not be reversed unless "manifestly contrary to the weight of the evidence or not reasonably supported by the evidence as a whole." *Kampf*, 732 N.W.2d at 633 (quotation omitted). There is reasonable support to conclude that appellant has not proved the recent decrease in income is a trend. The district court was within its discretion to use a five-year average based on the fluctuations in appellant's income. Appellant has the burden of establishing support for the modification and has not carried this burden. The district court's determination of appellant's income was not clearly erroneous.

Apart from the issue of the five-year average method, appellant also argues that the district court made several factual findings which constitute clear error. The district court did make clearly erroneous findings. For instance, although the district court found that "[Nortec's] current salary expenses have been the same since 2012," appellant's financial documents demonstrate that salary expenses increased by about $30,000 in that time. The

8

court also stated that appellant had "offered no explanation . . . except to refer to additional salary expense" for why Nortec's profits decreased, despite stable revenue. In contrast, appellant provided testimony pointing to unanticipated costs and reinvestment of company funds.

However, this court must ignore a harmless error. Minn. R. Civ. P. 61. The district court had sufficient evidence to support its calculation of appellant's income. These erroneous findings were not necessary to the court's reasoning for applying the five-year average or the determination that appellant had not demonstrated significantly changed circumstances.

Finally, on February 17, 2016, the day before oral arguments before this court, appellant submitted a motion to supplement the record. Appellant sought to submit a report regarding his finances that was filed with the district court on January 18, 2016. This court "may not base its decision on matters outside the record on appeal, and may not consider matters not produced and received in evidence [by the district court]." *Thiele v. Stich,* 425 N.W.2d 580, 582-83 (Minn. 1988). This report was not considered by the district court prior to this appeal. The motion is denied.

**Affirmed; motion denied.**