In re the Marriage of Barbara R. **DINWIDDIE (Cameron)**, Petitioner, Appellant,

v.

Harry E. **DINWIDDIE**, Respondent.

No. C4–85–1428.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Gary L. Monahan, Le Sueur, for petitioner, appellant.

Paul A.R. Mason, Le Sueur, for respondent.

Considered and decided by LESLIE, P.J., and WOZNIAK and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Barbara Dinwiddie, the custodial mother, appeals a modification of the child support provision of a dissolution decree. We affirm.

## FACTS

The marriage of Barbara and Harry Dinwiddie was dissolved in 1978 pursuant to stipulation confirmed by decree granting Barbara custody of Sara, the parties' daughter, and requiring Harry to provide $1,800 per year ($150 per month) in child support.

In November 1984 Barbara moved for an increase in child support. The trial court found Harry's gross income in 1983 was $21,318, a substantial increase since 1978 when he earned $16,300. The trial court also found an increase in Barbara's earnings, which rose from $12,900 per year in

1978 to $21,375 per year for the 1984–85 school year, and a substantially greater need on Barbara's part for more child support in order to cover the increased expenses of raising Sara. In increasing child support to $250 per month starting January 1, 1985, the trial court stated:

> [Harry's] net income after the statutory deductions provided for in M.S.A. 518.-55(1) for the year 1983 is $13,274. The child support guidelines would require him to pay child support of $3,300 per year for this year. However, the Court finds that [Harry's] monthly expenses (approximately $1,415) do not permit him to pay more than $3,000 per year child support.

### ISSUE

Did the trial court err in computing Harry's net income and, therefore, improperly apply the statutory child support guidelines?

### ANALYSIS

■ Trial courts have broad discretion in child support matters. *In re Lukanen v. Lukanen,* 357 N.W.2d 380, 382 (Minn.Ct. App.1984) (citation omitted). If an award of child support has a reasonable and acceptable basis in fact, this court must affirm the award. *Kirby v. Kirby,* 348 N.W.2d 392, 394 (Minn.Ct.App.1984) (citation omitted). "The standard of review applicable to modifications of child support is that this court will not reverse absent a showing of 'clear abuse' of the trial court's discretion." *In re Vitalis v. Vitalis,* 363 N.W.2d 57, 59 (Minn.Ct.App.1985) (citing *Johnson v. Johnson,* 304 Minn. 583, 232 N.W.2d 204 (1975)).

The trial court's findings expressly stated that an increase in child support is justified because of the child's increased needs and the increased income of the father. *See* Minn.Stat. § 518.64, subd. 2 (1984). Both the substantial increases in Harry's income and the increased expenses of raising Sara mandate an increase of the $1,800 per year provided by the 1978 decree. The child support guidelines contained in Minn.

Stat. § 518.551, subd. 5 (1984) apply to non-public assistance cases. Minn.Stat. § 518.17, subd. 5 (1984). Section 518.17, subd. 5 provides that a court may deviate downward from the appropriate amount of child support dictated by the guidelines only after "making express findings of fact as to the reason for the lower order." *See* Minn.Stat. § 518.17, subd. 5 (1984).

Barbara claims the court erroneously computed Harry's 1983 net income to be $13,274.00 when it actually was $17,178.94, calculated as follows:

| | |
|---|---|
| $23,036.74 | (Harry's total income in 1983 from line 22) |
| − 3,054.00 | (amount of federal income tax withheld less amount of refund to Harry) |
| − 1,250.00 | (social security) |
| − 1,154.00 | (amount of state income tax withheld less amount of refund to Harry) |
| $17,178.74 | ([sic] HARRY'S NET INCOME FOR 1983—correct total amount should be $17,578.74.) |

The trial court deducted Harry's unearned income (interest income and dividends) from his total income.

■ To arrive at net income, federal and state income taxes are to be deducted from total income. Minn.Stat. § 518.551, subd. 5 (1984). Barbara asserts that the amount of Harry's ultimate tax liability should be deducted rather than the amount of taxes withheld in 1983. If this had been done, as Barbara asserts, Harry's yearly net income figure would be $17,178.94, and based on the guidelines Harry's support obligation would be $4,294.68 per year ($374.56 per month). *See* Minn.Stat. § 518.551, subd. 5 (1984). Because tax refunds constitute income in the year received, that is, become available to the tax payer for child support in the calendar year following the year reported, the proper amount to deduct is the amount withheld. Net income is properly calculated based upon monies *available* to the tax payer. If a party contends he or she receives inadequate support because of misunderstood tax liability, that party can always "return the matter to the trial court for modification of maintenance and child support."

*See Deliduka v. Deliduka,* 347 N.W.2d 52, 56 (Minn.Ct.App.1984), *pet. for rev. denied,* (Minn. July 26, 1984).

The trial court erred in deducting interest income and dividends from Harry's total income. *See* Minn.Stat. § 518.54, subd. 6 (1984) ("income" is any form of periodic payment). We conclude, however, that in light of the overall equitable nature of the increased child support modification ordered by the trial court, this error is harmless. *Cf. In re Kreidler v. Kreidler,* 348 N.W.2d 780, 784–85 (Minn.Ct.App.1984) (this court noted that the trial court did not consider the obligor's overtime and rental income in computing child support and still affirmed the trial court's award of child support).

Although the trial court did not explain with specificity how it determined Harry's 1983 income, the trial court calculated Harry's 1983 net income to be $13,274.00, which amounts to a net income of $1,106 per month. Based on the statutory guidelines, an obligor whose net monthly income is $1,106 should pay twenty-five per cent of that amount in child support. *See* Minn. Stat. § 518.551, subd. 5 (1984). Accordingly, the trial court found that Harry should pay $3,300 per year in child support ($276.50 per month). The trial court then reduced that amount to $3,000 per year, explaining that "respondent's monthly expenses (approximately $1,415) do not permit him to pay more than $3,000 per year child support."

A deviation from the amount of child support specified in the guidelines is permissible if the trial court makes express findings of fact justifying such action. Minn.Stat. § 518.17, subd. 5 (1984). In this case, the trial court justified deviation from the guidelines because of Harry's monthly expenses in the approximate amount of $1,415 and because of Barbara's increased earnings, expressly stating that Barbara's higher income requires that she be responsible for some of the increased expenses of raising Sara. These express findings provide a legitimate basis for deviating from the amount of child support mandated by the guidelines.

With respect to allowing a deduction for Harry's business employee expenses, the trial court did not err. *Cf. In re Martin v. Martin,* 364 N.W.2d 475, 478 (Minn.Ct.App.1985) (business expenses held to be deductable). Allowing the deduction of business employee expenses in arriving at net income does not run afoul of the spirit of the deductions permitted in Minn. Stat. § 518.551, subd. 5.

Harry's request for attorney's fees is denied.

## DECISION

The trial court erred in deducting unearned income from the child support obligor's gross income, but such error was harmless in light of the overall equitable nature of the child support modification. The trial court did not err in deviating from the child support guidelines.

Affirmed.