**In re the Marriage of Deborah Jean GALMAN, Petitioner, Appellant,**

v.

**James J. GALMAN, Respondent.**

**No. C2–85–2173.**

Court of Appeals of Minnesota.

June 3, 1986.

Richard J. Schieffer, Minneapolis, for appellant.

Richard D. Goff, St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

### OPINION

RANDALL, Judge.

Deborah Galman appeals from an amended judgment and decree which increased child support from $600 to $800 per month, arguing that the trial court made several errors in calculating the obligor's net income and in applying the child support guidelines. Respondent, James Galman, filed a notice of review, claiming that the trial court was not justified in increasing child support to any amount. We reverse and remand for the findings required by *Moylan v. Moylan*, 384 N.W.2d 859 (Minn. 1986) and *Erickson v. Erickson*, 385 N.W.2d 301 (Minn.1986).

### FACTS

Although the trial court made findings concerning respondent's increase in income

between the time of the original decree in 1982 and the end of 1984, it made no finding concerning whether the increase was a substantial one under Minn.Stat. § 518.64 subd. 2 (1984). Nor did it make specific findings on the current needs of the child or the unreasonableness of the current award. *See id.* The record reveals evidence on these points was presented.

The trial court increased child support to an amount less than appellant claims the guidelines call for. Respondent argued that no increase was called for. After oral arguments in this case the supreme court decided *Moylan* and *Erickson*.

## ISSUE

Did the trial court err in not making specific findings regarding the factors set out in Minn.Stat. § 518.64 subd. 2?

## ANALYSIS

In *Moylan* the supreme court required that "in all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award." *Moylan*, 384 N.W.2d at 863. *See also Erickson*, ("The trial court * * * must make these observations in its findings of fact. We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration.").

The record must show that the trial court actually considered the factors specified by § 518.64 subd. 2. *Moylan*, 384 N.W.2d at 865. Nothing here indicates that the trial court considered whether the increase in respondent's income was substantial, the reasonableness of the current award, or

the needs of the child. On remand we ask the trial court to make these findings.

Appellant argues that the trial court made several errors in calculating respondent's net income and in applying the child support guidelines. We do not rule on these alleged errors because *Moylan* and *Erickson* change prior case law concerning application of Minn.Stat. §§ 518.17 subd. 4 and 518.551 (1984). We note that *Dinwiddie v. Dinwiddie*, 379 N.W.2d 227, 230 (Minn.Ct.App.1985) requires the court to take into consideration interest and dividend income in calculating obligor's net income when computing appropriate child support under the guidelines. We also note that *Sefkow v. Sefkow*, 372 N.W.2d 37, 48 (Minn.Ct.App.1985), *pet. for rev. granted* (Minn. Oct. 18, 1985) discusses income averaging under the guidelines. We recognize that if these cases conflict with *Moylan* and *Erickson*, the supreme court cases control.

## DECISION

The trial court erred in not making specific findings on whether the increase in respondent's income was substantial, or the reasonableness of the current award, or the needs of the child. On remand the trial court should make these findings and apply §§ 518.17 subd. 4 and 518.551 as mandated by *Moylan* an⸱. *Erickson*.

Reversed and remanded.