**In re the Marriage of Ann Jean B. TIBBETTS, petitioner, Appellant,**

**v.**

**Thomas B. TIBBETTS, Respondent.**

**No. C9-86-1371.**

Court of Appeals of Minnesota.

Dec. 23, 1986.

William E. Haugh, Jr., St. Paul, for appellant.

Harold D. Kimmel, Jr., Stillwater, for respondent.

Considered and decided by LESLIE, P.J., and FOLEY and RANDALL, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Ann Tibbetts appeals from the denial of her motion for an increase in child support, claiming that the circumstances of the parties have changed, rendering the terms of the original decree unreasonable and unfair. We affirm in part, reverse in part and remand.

## FACTS

The marriage of appellant Ann Tibbetts and respondent Thomas Tibbetts was dissolved on August 6, 1981. Pursuant to stipulation, appellant was granted custody of the parties' two minor children, and respondent agreed to pay child support in the amount of $800 per month until the oldest child attained the age of 18, married, died, or was earlier emancipated. At that time, the amount of child support was to be reduced to $600 per month.

In December 1983, the oldest child reached the age of 18, and respondent's child support obligation was, accordingly, reduced to $600 per month. In October 1985 appellant moved the court for an increase in child support to an amount recommended by the child support guidelines. The motion was based on appellant's claim that changes in the parties' circumstances had rendered the terms of the original decree unreasonable and unfair. Appellant also moved for attorney's fees.

*Appellant's Income and Expenses*

Appellant was unemployed at the time of the 1981 dissolution and was awarded maintenance in the amount of $1,200 per month for three years. When added to the $800 per month in child support, her disposable monthly income thus totaled $2,000 for a family of three. At the time of her 1985 motion for increased child support, appellant was earning $1,236.42 per month and was receiving $600 per month in child support. Her disposable monthly income thus totaled $1,836.42 for a family of two.

1. The 1981 judgment and decree did not include findings regarding the parties' income and

In support of her motion for increased support, appellant submitted an affidavit listing her monthly expenses for 1981 and 1985.[1] Her figures for 1981 totaled $2,997, and her figures for 1985 totaled $3,746.93. Appellant claimed that this information demonstrated a substantial increase in her needs since entry of the original decree.

*Respondent's Income and Expenses*

At the time of the 1981 decree, respondent earned $3,779 per month as a dentist. In 1985, his monthly income had increased to $4,639. Included in this amount was income earned by respondent's second wife. She also received $450 per month in child support. In 1985, respondent also received 1984 federal and state tax refunds in the amount of $5,976 and $192, respectively. These refunds increased his available monthly income in 1985 to $5,153.83, an increase of approximately 36%.

Respondent's affidavit lists 1982 monthly expenses totaling $4,205 and 1985 monthly expenses totaling $4,955. The 1985 figures take into account the fact that he has remarried and lives with his second wife and her two children.

*Trial Court Order*

By order of July 10, 1986, the trial court denied appellant's motion for modification of support, concluding:

1. That [appellant's] income has not changed substantially.

2. That the needs of [appellant] and the remaining child have not increased substantially.

3. That the combined income of [respondent] and his present wife has increased substantially over his income as a single person as have the needs of [respondent], his present wife and her two children as compared with his needs as a single person, full consideration being given to the child support she receives.

4. That the change noted in Paragraph 3 has not made the terms of the

needs.

Judgment and Decree dated August 6, 1981 as amended unfair or unreasonable.

## ISSUES

1. Did the trial court err by concluding that appellant's needs had not increased substantially?

2. Did the trial court err by failing to consider respondent's 1984 tax refunds as income received in 1985?

3. Did the trial court err by failing to consider the needs of the child?

4. Did the trial court err by refusing to award appellant attorney fees?

## ANALYSIS

### 1. *Increase in Appellant's Expenses*

Minn.Stat. § 518.64 (Supp.1985) provides that the terms of a decree respecting child support may be modified if a party can demonstrate "substantially increased" need or earnings, rendering the terms of the original decree "unreasonable and unfair." Appellant claims that her needs have increased substantially, warranting a commensurate increase in child support.

The trial court's determination that appellant did not substantiate her claim is entitled to deference by this court:

> The standard of review applicable to modifications of child support is that this court will not reverse absent a "clear abuse" of the trial court's discretion.

*In re Vitalis v. Vitalis*, 363 N.W.2d 57, 59 (Minn.Ct.App.1985) (citing *Johnson v. Johnson*, 304 Minn. 583, 232 N.W.2d 204 (1975)).

Appellant claims that her 1981 monthly expenses for a family of three amounted to $2,997 while her 1985 monthly expenses for a family of two totaled $3,746.93, demonstrating a substantial increase in need. The trial court, however, expressed its disbelief that appellant's expenses exceeded her income:

The [appellant's] checking account from 1982 through October 1985 shows average monthly deposits of $2,200 and a balance on November 5 of $3,716.91. Thus, even if appellant's expenses have increased, the trial court acted within its discretion in concluding that the increase was not so substantial as to affect the amount of her disposable income reflected by the balance in her checking account.[2]

Appellant's alleged expenses include a $200 per month second mortgage to respondent's father. The court specifically found that appellant's last payment on that debt was made in June 1984, and that respondent's father has agreed to defer the remaining balance until appellant remarries or sells the house.

Appellant also lists "needs" of $870 per month for gasoline and maintenance for two automobiles and $3,000 per year for a family vacation for two. We cannot find that the trial court abused its discretion by determining that these expenses do not evidence a substantial increase in appellant's "needs." In addition, appellant lists $1,800 per year for college expenses for her emancipated daughter. This expense is an inappropriate basis for a modification in child support because only the needs of the minor child are relevant.

### 2. *Increase in Respondent's Income*

Appellant also argues that respondent's income has increased substantially, rendering the terms of the original decree unreasonable and unfair. The trial court concluded that although respondent's income had increased substantially from 1981 to 1985, this increase in earnings was offset by an increase in respondent's expenses. In determining respondent's 1985 income, however, the trial court failed to consider his 1984 tax refunds of $6,168, despite the fact that the evidence presented clearly indicates that respondent received these refunds in 1985. Inclusion of these refunds

---

2. Appellant's argument that she received financial assistance from her in-laws and that this assistance was reflected in her checking account balance was not raised below and is therefore inappropriate to consider on appeal.

would increase respondent's income by an additional $514 per month.

In *Dinwiddie v. Dinwiddie*, 379 N.W.2d 227 (Minn.Ct.App.1985), the appellant argued that a 1983 tax refund should be computed into the respondent-obligor's 1983 income when calculating his net income for child support purposes. This court disagreed, indicating that "tax refunds constitute income in the year received, that is, become available to the taxpayer for child support in the calendar year following the year reported." *Id.* at 229.

In *Mackin v. Mackin*, 392 N.W.2d 5 (Minn.Ct.App.1986), this court again addressed the issue of tax refunds in the context of a child support action. There, the respondent argued that part of a 1984 refund was attributable to his wife's income, and that the refund was inordinately large and did not reflect his normal earnings. This court concluded:

> It is appropriate for the trial court to consider the effect of appellant's overwithholding on his actual net earnings. However, if the overwithholding is to be a factor in determining his income, it should be measured by an actual assessment of appellant's anticipated withholding for 1986, and not by mere reference to his 1984 tax return. It was error for the trial court to include the entire amount of appellant's 1984 income tax return without reference to all of the relevant evidence, including the amount attributable to his spouse's earnings. This issue is therefore remanded to the trial court with directions to correct this error.

*Id.* at 7.

■ Here, the record demonstrates that respondent's second wife had gross earnings of $6,776 in 1984, while respondent's gross earnings totaled $85,062.80. The second wife's portion of the refund was therefore minimal. Further, the evidence demonstrates that respondent received 1983 tax refunds of $7,718 and 1982 tax refunds of

$7,494. Therefore, since respondent appears to consistently overwithhold, it would seem that his 1984 refund should have been included as income in 1985—the year received. Since the trial court did not consider respondent's tax refunds when calculating his 1985 income and did not indicate why this income was discounted, the issue is remanded to the trial court to consider the tax refunds and redetermine whether respondent's substantial increase in income has rendered the terms of the original decree unreasonable and unfair.[3]

■ We note that the trial court found respondent's increase in income offset by his own needs and the needs of his new wife and children. Upon remand, the trial court is directed to disregard the financial circumstances of respondent's current spouse pursuant to the revised version of Minn.Stat. § 518.64, subd. 2, effective August 1, 1986. *See* Minn.Laws 1986, ch. 406, § 8; *Clark v. Clark*, 396 N.W.2d 41 (Minn. Ct.App.1986).

### 3. *Child's Interests*

The relevant factors which a court must consider in setting child support include the financial resources and needs of the child and the standard of living which the child would have enjoyed, had the marriage not been dissolved. Minn.Stat. § 518.17 (1984). The child support guidelines, Minn.Stat. § 518.551 (1984), account for the financial needs of the child to be supported, and Minn.Stat. § 518.64 provides that "[o]n a motion for modification of support, the court shall take into consideration the needs of the children."

■ Clearly then, the child's interests are paramount here, yet the trial court made no mention of the child's needs in its findings. Failure to do so is reversible error. *See Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986).

---

3. Again we note that even without considering the tax refunds, the trial court found respondent's income had increased substantially since the time of the decree.

In *Erickson v. Erickson,* 385 N.W.2d 301 (Minn.1986) the supreme court stated:

> We cannot stress enough the importance of having findings of fact that demonstrate the trial court actually did take all relevant factors into consideration.

*Id.* at 303. Remand in *Erickson* was based in part upon the lack of findings regarding the children's needs. While the terms of the original decree were reached pursuant to stipulation by the parties, *Moylan* indicates that the child's interests will supersede any stipulation regarding support. *See Moylan,* 384 N.W.2d at 865.

### 4. *Attorney's Fees*

█ Finally, appellant claims the trial court erred by refusing to award her attorney's fees pursuant to Minn.Stat. § 518.14 (1984). In considering a request for attorney's fees, a court must consider the financial resources of both parties. *Kennedy v. Kennedy,* 376 N.W.2d 702, 705 (Minn.Ct. App.1985). However, the ultimate decision lies almost entirely within the trial court's discretion. *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977).

█ Here, the trial court determined that appellant was able to pay her own attorney's fees. It is clear from the record that appellant has the resources to pay the $1,000 in fees that she requested, and we find no error.

Appellant also requests attorney's fees for her appeal to this court. Although this court has discretion to award attorney's fees incurred during an appeal, we decline to do so in this case.

### DECISION

We affirm the trial court's determination that appellant has not demonstrated substantially increased needs to support a modification in child support but reverse and remand for consideration of the child's interests and respondent's tax refunds.

Affirmed in part, reversed in part and remanded.