**In Re the Marriage of Janet Irene LENZ, f.k.a. Janet Irene Wergin, petitioner, Appellant,**

v.

**Roger Carl WERGIN, Respondent.**

No. C4–87–106.

Court of Appeals of Minnesota.

June 30, 1987.

Michael G. Schultz, Minneapolis, for appellant.

Laura K. Fretland, Arnold & McDowell, Minneapolis, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

PARKER, Judge.

Janet Lenz appeals the trial court's order denying an increase in child support and its amended judgment provision ordering the parties to share only those unreimbursed medical expenses of the child which exceed $500 per year. We affirm in part, reverse in part and remand for new findings.

## FACTS

The marriage of Janet Irene Lenz (f/k/a Janet Irene Wergin) and Roger Carl Wergin was dissolved in December 1979. According to the stipulated decree, Lenz was given custody of the parties' three-year old child, and Wergin was ordered to pay $175 per month child support and to maintain hospitalization and medical insurance for the child. Although the decree did not address the subject of unreimbursed medical expenses, Wergin paid them voluntarily through 1985. Since the dissolution, both parties have remarried; Wergin's new spouse has a son who lives with them.

In August 1986, seven years after the dissolution, Lenz moved for an increase in child support to the guidelines figure and for an amendment providing that the parties share equally the child's medical expenses not reimbursed under Wergin's hospitalization and medical insurance.

Lenz claimed that Wergin's income had increased by 32 percent since 1979; her annual income had decreased from $3,000 to zero because of a back injury which left her with a 10 percent disability; her monthly expenses had increased from $483 to $1,011; the child's needs had substantially increased because he was seven years older, needed braces and had expenses for school supplies, clothes and sports; and the Consumer Price Index (CPI) had risen 34 percent.

Wergin replied that his overtime pay was not guaranteed and therefore should not be considered; that his hourly wage had increased only 15 percent (from $8.50 to $9.75); and that, with overtime included, the increase was 26 percent (from $15,963 annually to a projected $20,075). (It was deemed necessary to project Wergin's 1986 income rather than rely on past income because his employment conditions had recently changed to include a mandatory three-month layoff each winter.) In computing his 1979 income, Wergin used the after-deduction figure on line 34 of his 1040 form, adding from line 20a the untaxed unemployment compensation received in that year. He listed monthly expenses totaling $2,300.

Wergin stated that Lenz's unemployed status was due to her remarriage rather than her disability, since she had continued to work after her injury until she remarried, and that Lenz's income had actually increased since 1979 due to her receipt of a lump-sum worker's compensation settlement of $9,775 in October 1986.

The trial court found that, at the time of the dissolution, the monthly expenses of "the parties and the minor child" were $483. The court found that Wergin's monthly expenses of $2,300 constituted a substantial increase since the date of dissolution, "primarily because of his increased housing costs." It found Lenz's monthly expenses of $1,011 for "[herself] and the

minor child" did not represent a substantial increase: "Her living expenses are essentially the same as they were in 1979."

Adopting Wergin's figures, the court found that his earnings had not substantially increased regardless of whether overtime was included. As to Lenz's earnings, the court found that she had received a lump-sum award of $9,775, "more than three times what she was earning in 1979." The court found that the child's needs had not substantially increased and that the change of the cost of living had "an equal impact on both parties."

By order dated December 10, 1986, the trial court denied the child support modification on the ground that Lenz had not shown any substantial change and ordered that the parties share the child's unreimbursed medical and dental expenses in excess of $500 per year.

## ISSUES

1. Does the evidence support the trial court's findings of fact in support of its conclusion that Lenz had not shown a substantial change of circumstances?

2. Did the trial court abuse its discretion in amending the decree to provide that Wergin share in the unreimbursed medical expenses only to the extent that they exceed $500 per year?

## DISCUSSION

### I

Modifications of child support orders are governed by Minn. Stat. § 518.64, subd. 2 (1986), which provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.-72 to 256.87; or (4) a change in the cost-of-living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair. * * * On a motion for modification of support, the court shall take into consideration the needs of the children and shall not consider the financial circumstances of each party's spouse, if any. * * *

The court must make specific findings. *Moylan v. Moylan*, 384 N.W.2d 859 (Minn. 1986). Findings will not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01; *Santoro v. Ramsey*, 366 N.W.2d 698, 699 (Minn.Ct.App.1985).

Lenz contends the trial court abused its discretion in refusing to increase the child support award. Contrary to the trial court's findings, she argues that she demonstrated substantial increases in Wergin's income, the needs of the child, her monthly household expenses and the cost of living, as well as a substantial decrease in her income. While the trial court has broad discretion in such determinations, we conclude that several of the supporting findings were clearly erroneous, and therefore the matter must be remanded.

The trial court erred in computing Wergin's 1986 projected net income by failing to add tax refunds while deducting taxes withheld. Net income is properly calculated based upon money *available* to the taxpayer. *Dinwiddie v. Dinwiddie*, 379 N.W.2d 227, 229 (Minn.Ct.App.1985). Minn.Stat. § 518.551, subd. 5(a) (1986), recommends using a tax table to find standard deductions. However, it is also proper to compute net income by deducting amounts withheld and adding amounts refunded during a particular year. *Dinwiddie*, 379 N.W.2d at 229. In the case of a parent who receives a joint refund with a new spouse, the court must include in the parent's net income only that portion of the refund attributable to that parent. *Mackin v. Mackin*, 392 N.W.2d 5, 7 (Minn.Ct. App.1986).

The court also erred in determining Wergin's 1979 net income by using tax law

deductions. The court adopted Wergin's 1979 figure, which was based on line 34 of his 1040 form. Line 34 of the 1979 form represents gross income minus all deductions allowable under the tax laws. This differs considerably from net income as defined under the child support laws, which is total monthly income less (i) federal income tax; (ii) state income tax; (iii) Social Security deductions; (iv) reasonable pension deductions; (v) union dues; (vi) cost of dependent insurance coverage; and (vii) cost of individual health/hospitalization coverage or an amount for actual medical expenses. Minn. Stat. § 518.551, subd. 5(a); *see also State ex. rel. County of Hennepin v. Erlandson*, 380 N.W.2d 578, 581 n. 2 (Minn.Ct.App.1986). On remand, if the trial court chooses to use a 1040 form in determining net income, it should use the figure representing total taxable income (line 22 on the 1979 1040 form), plus any untaxable income.

■ The parties dispute whether Wergin's overtime should be included in his net income. The trial court's findings indicate that the court shared this uncertainty. On remand Wergin's overtime should be included in his net income because it is a regular part of his employment. *See Carver County Community Social Services v. Fritzke*, 392 N.W.2d 290, 293 (Minn.Ct.App. 1986). Lenz also argues that the trial court erred in subtracting Wergin's debt service on his truck from his monthly income. This argument is without merit, because the court did not do so.

■ The trial court erred in determining Lenz's 1986 income. It noted that, as part of her worker's compensation permanent disability settlement, Lenz received "a lump sum award of $9,775, more than three times what she was earning in 1979." This suggests that the court allocated the entire settlement to the year of receipt, which gives a false impression of her income. In the context of a child support action, this settlement should be viewed as it affects Lenz's overall obligation to support her

child. Therefore, on remand the lump-sum payment made to her for diminution of her earning capacity should be allocated over the years from the date of injury (1981) until her obligation to support the child ceases on his eighteenth birthday (1994), a 13-year period.

■ Wergin contends Lenz's current unemployed status is due to her remarriage rather than her disability. Since Lenz has an obligation to help support her child, the trial court should make a finding of fact on whether her failure to work outside the home has been voluntary or is a result of her physical disability and the unavailability of employment she can perform in her present condition.

■ The trial court also erred in its findings relating to the parents' needs. It adopted Wergin's figure of $2,300, submitted as his "budget of monthly expenses," and concluded that Wergin's needs had substantially increased "primarily because of his increased housing costs." However, an examination of Wergin's expenses shows that he has included the expenses of his entire household, which includes his new wife and her child. Minn. Stat. § 518.64, subd. 2 (1986), allows consideration of the "increased or decreased *need* of a *party*" (emphasis added). The child support laws have recently been amended expressly to exclude consideration of the financial circumstances or income of a parent's spouse. *See* Minn. Stat. §§ 518.64, subd. 2 (the court shall not consider the financial circumstances of each party's spouse, if any); 518.551, subd. 5(a) (net income does not include the income of the obligor's spouse); *see also* Family Court Rule 7.01(d) ("A party who remarries after dissolution and accepts additional obligations of support does so with full knowledge of his or her prior obligations under this proceeding.")

Accordingly, in *Tibbetts v. Tibbetts*, 398 N.W.2d 16, 20 (Minn.Ct.App.1986), we held that, in denying a child support modification, the trial court erred in finding a par-

ent's increase in income to be offset by his own needs and the needs of his new wife and her two children. *Cf. In Re the Marriage of Halvorson,* 402 N.W.2d 168 (Minn. Ct.App.1987) (remarriage is an insufficient change of circumstance to support termination of maintenance, citing family court rules). On remand the trial court is instructed to exclude from consideration of Wergin's needs the financial circumstances of his spouse; i.e., that portion of his listed expenses attributable to his new spouse and her child.

For the same reason, the trial court must also make new findings as to Lenz's needs. Lenz listed monthly expenses of $1,011 for herself and the child, an increase of 109 percent over the parties' 1979 expenses. If monthly expenses were the only factor relevant to need, and if it were clear that Lenz did not include expenses attributable to her new spouse, we would have to say the trial court clearly erred in concluding that Lenz's needs had not substantially increased. However, expenses are only one of the factors bearing on need. *See, e.g., Erler v. Erler,* 390 N.W.2d 316, 320 (Minn. Ct.App.1986) (the custodial parent's health relates to need). Also, it is not clear that Lenz's listed expenses exclude all those attributable to her new spouse.

■ The trial court erred in concluding that a 34 percent increase in the consumer price index had "an equal impact on both parties." The increase in the consumer price index bears a roughly proportionate relationship to the decrease in the value of money. The child support dollars ordered in the original decree have remained constant and have therefore decreased in value by about one third. The legislature has recognized this by ruling that cost-of-living raises in the obligor's income must be reflected in the child support obligation. *See* Minn. Stat. § 518.641 (1986). On remand the trial court should consider whether this increase constitutes a substantial change of circumstances.

■ By the same token, the trial court erred in finding that the child's needs had

not changed substantially by failing to consider the impact of the increase in the consumer price index on the *child's* needs. On remand the trial court must make new findings on the child's needs. The parties dispute the necessary degree of proof. Precise proof of increased needs of growing children is not required. *Kaiser v. Kaiser,* 290 Minn. 173, 185–86, 186 N.W.2d 678, 686 (1971). However, it is necessary to have more than a conclusory affidavit for a trial court to make informed findings. On remand Lenz may have an opportunity to present more evidence, even if it is merely an affidavit listing and comparing the child's needs now and at the date of dissolution.

This case is remanded for new findings as outlined above and additional hearings as necessary. After making findings, the court must reconsider whether any of the four factors, *alone or in combination,* create a substantial change of circumstances. *Moylan,* 384 N.W.2d at 864. While we do not say that the circumstances presented here show a substantial change as a matter of law, if the trial court does not so find, it must state its reasoning. If the court finds such change, it must then consider whether the original child support terms are unreasonable and unfair as a result. *Derence v. Derence,* 363 N.W.2d 86, 88 (Minn.Ct.App. 1985).

## II

■ Finally, Lenz contends the trial court abused its discretion in ordering Wergin to share equally in only those unreimbursed medical expenses of the child which exceed $500. We find this to be within the trial court's discretion.

## DECISION

We reverse the trial court's denial of child support modification and remand for new findings and redetermination of whether there has been a substantial change which renders the original order unreasonable and unfair. We affirm the

trial court's order respecting the unreimbursed medical expenses of the child.

Affirmed in part, reversed in part and remanded.