In re the Marriage of Susan Alice KOURY, petitioner, Appellant,

v.

Lawrence Frederick KOURY, Respondent.

No. C7–86–2115.

Court of Appeals of Minnesota.

Aug. 4, 1987.

Seaneen Brennan, St. Paul, for appellant.

Lisa E. Doering, Jack S. Jaycox Law Offices, Ltd., Bloomington, for respondent.

Heard, considered and decided by SEDGWICK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Susan Koury's motion for modification of child support was granted but the trial court awarded an amount which deviated below the guidelines. Susan appeals. We affirm in part, reverse in part, and remand.

## FACTS

The Kourys' marriage was dissolved in 1974 with custody of their two children,

three and six, given to Susan with child support of $400 per month. Lawrence's gross income was $30,000 per year.

In 1976 Lawrence moved to reduce support based on a $20,000 per year gross income and a net monthly income of $1,095.00. Susan's net monthly income was $499 per month. Child support was set at $310 per month.

In June 1986, Susan moved for an increase in support based on increased needs of the children and increased resources of Lawrence. Susan claims reasonable expenses of $2,113.54 per month. Susan has a net monthly income of $1,157 plus $310 in child support for a total of $1,467 per month.

Lawrence states a net monthly income of $2,454.50, including a deduction for "Part B Pre-Tax" of $231.24. His 1985 income tax returns show a total refund of $13,530 based on his gross income of $40,892 and his present wife's income of $40,930. Lawrence has two real estate investments which in the past have provided significant tax deductions.

Lawrence attributes much of his current stress to the problems related to the birth of a child to his current wife. She was employed until shortly before the baby's birth. Her future employment plans are uncertain.

Lawrence's affidavit indicated additional concern about his health and the security of his job, although Lawrence had received no indication of termination of employment from his job. His medical records indicate no problems.

The trial court found the needs of the children to be $600 per month per child and Lawrence's income to be $2,454 per month. The court ordered $350 per month per child until each child becomes of age or until each graduates from high school.

## ISSUES

1. Did the trial court err in failing to include respondent's income tax returns in calculating net income?

2. Did the trial court err in deviating downward from the guideline amount?

## ANALYSIS

■ The decision to modify a child support award is within the broad discretion of the trial court and will be reversed by an appellate court only for abuse of discretion. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986). The discretion must be exercised within the limits established by the legislature. *Id.* Child support modifications are appropriate when there is a substantial change in circumstances which makes the previous decree unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1984).

From the time of the divorce in 1974 Susan's monthly budgeted needs have increased from $730 to $2,113. Her net income has increased since 1976 from $500 per month to $1,150 per month. In 1976, Lawrence's gross income was $20,000 and support was reduced from the initial award of $400 per month to $310 per month. Lawrence's present gross annual income is over $40,000 per year.

The changes in needs and resources are substantial. The trial court must determine whether the changed circumstances make the 1976 award so unfair and unreasonable as to require modification. *Moylan,* 384 N.W.2d at 864. Susan claims the trial court erred in failing to consider Lawrence's income tax refund as income, and in deviating downward from the guideline amount.

## I

■ Income tax refunds may be considered in calculating net income in the year in which they are received. *See Tibbetts v. Tibbetts,* 398 N.W.2d 16, 20 (Minn. Ct.App.1986); *Dinwiddie v. Dinwiddie,* 379 N.W.2d 227, 229 (Minn.Ct.App.1985). Lawrence received $13,530 in 1985 income tax refunds in 1986 that was available to him *and* his new wife. The amount of the refunds attributable to the new spouse's income should not be considered. *Mackin v. Mackin,* 392 N.W.2d 5, 7 (Minn.Ct.App. 1986). Lawrence and his second wife each earned about $40,000 a year. The amount

withheld from each spouse's earning was also close in amount. Theoretically, one-half of the refund could be attributed to each party's earnings. It appears that Lawrence is entitled, at a minimum, to one-half of the 1985 tax refund, or an additional $564.00 per month that must be included in calculating net income for the purpose of applying the guidelines.

The trial court used the following to calculate Lawrence's net income:

$3,854 Gross Income Per Month

| Deductions: | | |
|---|---|---|
| | Federal Income Tax | $ 585.83 |
| | FICA | 273.28 |
| | Minn. State Tax | 251.25 |
| | Part B Pre-Tax | 231.24 |
| | Pre-Tax LTD | 16.96 |
| | Health & Life Ins. | 40.94 |
| | Total Deduction | $1,399.50 |
| | | |
| | Net Monthly Income: | $2,454.50 |

Based on this amount, the guidelines would require that Lawrence pay $736.35 per month for two children and $613.63 for one child.

The calculation is incorrect. It fails to include Lawrence's portion of the 1985 tax refund which, if added, results in a $3,019.00 total net monthly income. The guidelines would require support of $905.00 for two children and $755.00 for one child.

An obligor may deduct state and federal income taxes, social security, mandatory pension deductions, union dues and health insurance in determining net income. Minn.Stat. § 518.551, subd. 5 (1984). The "Part B Pre-Tax" of $231.00 does not appear to fall into any of these categories. It therefore should be included, for a total net income of $3,250.24. Application of the guidelines then requires support of $974.00 for two children and $812.00 for one child.

## II

Express findings on the factors the court considers in establishing a support award are required. *Moylan*, 384 N.W.2d at 863. The court must consider:

(a) The financial resources and needs of the child;

(b) The financial resources and needs of the custodial parent;

(c) The standard of living the child would have enjoyed had the marriage not been dissolved;

(d) The physical and emotional condition of the child, and his educational needs; and

(e) The financial resources and needs of the noncustodial parent.

Minn.Stat. § 518.17, subd. 4 (1984). The trial court made no findings on the financial needs of Lawrence, even though it had a breakdown of his expenses and debts.

The $700 per month payment awarded is not significantly less than the $736.00 guideline amount for two children using the trial judge's erroneous net income figure of $2,454, but the $350 support for one child is a significant downward deviation from the guideline amount of $613 for one child. The trial judge indicated the downward deviation was based upon Lawrence's purported job security and a possible stress condition that "might affect" Lawrence's ability to function. Neither of these are valid reasons for a downward deviation. At the present time Lawrence is employed and earning a comfortable salary. Should he lose his job, he would be entitled to move for a modification. Likewise, his health problems have not yet interfered with his earning ability and until they do downward deviation is not justified.

Susan's income has increased since the last modification, but it is still significantly less than Lawrence's. The custodial parent should not have to allocate all available funds to support. *Letourneau v. Letourneau*, 350 N.W.2d 476, 478–79 (Minn.Ct. App.1984). Providing for the basic needs of a child is the minimum goal of the guidelines. Children with divorced parents are entitled to benefit from the income of both parents, just as they would had there been no divorce. *Id.* at 479.

Susan objects to the seven month passage of time between her modification claim and its resolution, occasioned by Lawrence's postponements and a three month delay between the hearing and the issuance of the order. The award should be effective as of the hearing date. We also affirm continuing support obligations

until each child reaches eighteen or finishes high school, providing their education is uninterrupted.

### DECISION

Respondent's portion of the income tax refund and his Part B Pre-Tax must be included for the purposes of calculating net income. Findings must be made with respect to respondent's reasonable financial needs. Modification should be made based on the guidelines and *Moylan* considerations. Respondent's potential health problems or job security fears are insufficient bases for a current downward deviation. The award made is effective from the time of the original hearing date and will continue until the children reach eighteen or graduate from high school. This case is reversed and remanded for further findings and a determination of a child support award consistent with this opinion.

Affirmed in part, reversed in part and remanded.