**In re the Marriage of Nancy Ellen ERICKSON, n.k.a. Nancy Ellen Luloff, Petitioner, Respondent,**

v.

**Thomas Edward ERICKSON, Appellant.**

No. C1–87–399.

Court of Appeals of Minnesota.

July 28, 1987.

We affirm the present increase in support, but reverse the provision for a constant level of support, as support must be based on the number of unemancipated children.

## FACTS

The marriage of the parties was dissolved by a judgment entered September 6, 1978. The parties have three children who were 14, 12 and 9 years old at the time of the motion hearing.

In March 1983, the parties agreed to increase child support to $1050 per month for the three children, who were then ages 10, 8, and 5. The Minnesota Child Support Guidelines became effective in August 1983, and child support under those guidelines would have been $2100, based on the number of children and on appellant's income.

On June 24, 1986, respondent filed a motion for a further increase in child support. In February 1987 orders, the trial court increased child support to $1400 per month, and ordered that this level of support continue until the parties' youngest child is 18 years of age or is emancipated.

A. Increased amount of support.

The trial court found appellant's income increased from $117,000 in 1983 to $141,000 in 1986. Appellant disputes the court's omission of his 1983 capital gains in the calculation of his 1983 income, a calculation that was a part of the court's findings and determination of whether there was a substantial change in circumstances that made the original award unfair. Appellant does not dispute his ability to pay the modified support obligation.

The court also found that the children's needs have increased $900 per month since the 1983 award, and that their current needs are $1400 per month. The court made further findings explaining that this "increase is due in part to an increase in the cost of living and an increase in the needs of the children due to their ages and participation in additional activities." Appellant disputes respondent's estimation of the children's needs, pointing specifically to inconsistencies in her evidence. Appellant

Renee J. Selig, Minneapolis, for respondent.

Jack S. Jaycox, Robert W. Due, Bloomington, for appellant.

Considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Thomas E. Erickson appeals the trial court order granting Nancy E. Luloff an increase in child support and ordering the full amount of the increased obligation to remain in effect until the youngest of the parties' three children reaches the age of 18 or becomes emancipated. Luloff filed a notice of review on the issue of whether the trial court applied the correct statutory law when it acted according to an amendment that took effect following the motion but prior to the decision on the motion.

also claims the trial court erred in including respondent's transportation expenses, because a substantial portion of these expenses are met by her present husband's business. The trial court found respondent earns $673 per year from the sale of her art. Appellant asserts the evidence requires a finding that respondent effectively earns greater sums of money as an employee of her husband's corporation.

B. Continued level of support until emancipation of the youngest child.

The court also modified the provisions for termination of support upon emancipation of the children. Prior to the 1986 modification, support was based upon the number of unemancipated children. As modified, the support order provides for the same amount of support until the youngest child becomes emancipated. Appellant asserts this modification is based on speculation as to future increases in his income and increases in the needs of the children.

C. Application of the guidelines in effect at the time of the decision.

In calculating support under the guidelines in effect at the time the case was submitted for decision, no more than $4000 of an obligor's income can be considered. Respondent filed a notice of review, challenging the trial court's decision to apply this income cap, rather than the $6000 cap in effect at the time the motion for modification was served and the first hearing was held.

## ISSUES

1. Did the trial court err in finding respondent's income increased from 1983 to 1986, despite a decrease in capital gains?

2. Does the evidence support the trial court's finding as to the needs of the children?

3. Did the trial court err in determining the amount of respondent's earnings?

4. Did the trial court err in ordering a constant level of support until the emancipation of the youngest child?

5. Did the trial court err in applying the guidelines in effect at the time the case was decided?

## ANALYSIS

The decision to modify a child support award is within the broad discretion of the trial court. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). An abuse of discretion exists only if the appellate court finds a "clearly erroneous conclusion that is against logic and the facts on record." *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984).

A child support award may be modified if the court finds there is a substantial change of circumstances that makes the terms of the award unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1986). A substantial change in a party's earnings or needs will support a modification. *Id.*

1. Appellant claims the trial court abused its discretion in disregarding capital gains when determining his 1983 income. If his income is considered to include capital gains and losses, his 1986 income was not greater than his income in 1983.

Capital assets may enter into the determination of whether there has been a substantial change in circumstances to warrant a modification of a child support or maintenance obligation. *See Quaid v. Quaid*, 403 N.W.2d 904, 907 (Minn.Ct.App. 1987); *Zagar v. Zagar*, 396 N.W.2d 98, 101 (Minn.Ct.App.1986). However, there is no precedent to support appellant's view that capital gains must be treated as income. The gains do not represent earnings, and they are not a steady source of income. *See Abuzzahab v. Abuzzahab*, 359 N.W.2d 329, 332–33 (Minn.Ct.App.1984) (trial court was within its discretion in disregarding $3300 in interest earned on property settlement money that was temporarily invested, because that source of income was temporary and nonrecurring). *Cf. Erler v. Erler*, 390 N.W.2d 316, 319–320 (Minn.Ct.App. 1986) (trial court did not abuse its discretion in including income from part-time employment as earnings for purposes of a child support modification, where those

earnings were a "regular, steady source of income" over a period of ten years).

We conclude that although the court could have considered capital gains and losses in determining whether there had been a substantial change in circumstances and what amount of support was reasonable, there is no mandate to do so in a way that disregards an increase in the party's actual earnings.

Appellant also disputes the trial court's conclusion that an increase in earnings from $117,000 to $141,000 constitutes a substantial change in income. We find no reversible error in this conclusion.

2. Appellant disputes the trial court's findings on the needs of the children. Findings of fact will not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01.

Appellant claims the trial court erred in including $438 in monthly transportation expenses as part of the children's total expenses, because respondent's current husband pays for these expenses through his business. The court correctly included transportation expenses, because these are part of the children's needs, and respondent's current husband has no obligation to provide for these expenses.

Appellant also disputes the amount respondent claimed as clothing expenses for the children, and the trial court's acceptance of this amount. Respondent submitted three budgets in the course of the modification proceedings. In her July 1986 budget, she estimated clothing expenses at $330 per month. In December of 1986, she submitted a revised budget, based on actual expenses recorded in her checkbook. The clothing expenses listed in the latter budget were $553 per month. The trial court did not clearly err in accepting the latter amount.

3. Appellant claims respondent has greater earnings than those found by the trial court. He bases his contention on the fact that respondent provides some assistance to her husband in the operation of his construction business. He points to no specific evidence that would support a finding that earnings should be attributed to respondent for her assistance. The trial court's rejection of these alleged earnings, and its finding on respondent's actual earnings from the sale of art, were within its discretion.

4. The trial court ordered a support award consistent with the guidelines, based on appellant's income and the number of children. The court further ordered appellant to pay this level of support until the last of the parties' three children is emancipated. This order increases the support per child by failing to cut back at the times of emancipation of two children. In addition, once the oldest child is emancipated, the amount of the award will be a deviation from the guidelines for the remaining two children. Any deviation from the child support guidelines should be accompanied by express supporting findings. Minn.Stat. § 518.551, subd. 5(e) (1986).

Appellant contends there is insufficient evidence to justify a finding that the needs of the children will increase in the future, to the extent that a constant level of support is justified. We find no evidence in the record indicating the needs of the younger children will increase at the time of the emancipation of the older children. The trial court concluded that "given the difference in ages of the children," the need for support at the amount of the current award will continue as the two older children become emancipated. Appellant points out that this is speculation, and we agree.

Respondent contends the evidence of appellant's increasing income is sufficient to justify the constant level of support. However, there is no evidence indicating appellant's salary as a pilot will continue to increase at an amount that would warrant a constant level of support for a decreasing number of unemancipated children. We conclude the trial court abused its discretion in ordering a constant level of support (resulting in future increases in support for each remaining child) based on factors unknown at this time.

5. In her notice of review, respondent alleges the trial court erred in using the

statutory guidelines in effect at the time of its decision. We disagree.

■ Modifications of support are governed by the law in effect at the time the court renders its decision. *McClelland v. McClelland,* 393 N.W.2d 224, 226–27 (Minn Ct.App.1986), *pet. for rev. denied,* (Minn. Nov. 17, 1986); *see also Halper v. Halper,* 348 N.W.2d 360, 362 (Minn.Ct.App.1984) (trial court correctly applied the child support guidelines because they became effective prior to issuance of the dissolution decree). Respondent's motion for modification of support was filed June 24, 1986. The case was initially heard on July 28, 1986. On August 12, 1986, the court ordered a continuance in order to obtain sufficient information to make findings pursuant to the supreme court's decision in *Moylan.* No additional hearings were held and the court ultimately made its decision based on additional information submitted in the form of affidavits and memoranda. Based on these facts, the trial court correctly applied the child support guidelines that became effective August 1, 1986.

## DECISION

The trial court's findings regarding the parties' incomes and the needs of the children were not erroneous, and the order for modified support was not an abuse of discretion. The court's decision to order a constant level of support until the last of the parties' three children is emancipated is not supported by adequate evidence or findings; we reverse this decision and order support based on the number of unemancipated children, as provided in the original judgment of dissolution.

Affirmed in part and reversed in part.