Diane Koehnen FINCH, et al.,
Respondents,

v.

Michael Jamie MARUSICH, Appellant.

No. C6-90-201.

Court of Appeals of Minnesota.

July 3, 1990.

Thomas Foley, Ramsey County Atty., Gail Young, Asst. Ramsey County Atty., St. Paul, for respondents.

Carla K. Wacker, St. Paul, for appellant.

Considered and decided by KLAPHAKE, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

KLAPHAKE, Judge.

On March 16, 1989, appellant Michael Marusich moved to reduce child support for the parties' son. Although the trial court granted the motion in part, support was set at an amount three times greater than the guidelines recommended. Appellant argues on appeal that such a departure from the guidelines was an abuse of discretion. Appellant also challenges the trial court's order for income withholding, failure to make reduced support retroactive to the date of appellant's motion, and the automatic reinstatement of the pre-modification support if appellant failed to report changes in income or employment. We affirm the effective date of the modified support, but reverse and remand as to the other issues raised.

## FACTS

Appellant Michael J. Marusich and respondent Diane K. Finch have one child, a son, born in 1983. The parties have never been married. Appellant was adjudicated the father of the parties' son in May 1985.

In July 1985, appellant reported that he was employed as a bartender with a net monthly income of $614.50 and his child support was set at $104 per month. In fact, appellant was employed as an ironworker, earning $17.10 per hour.

Prior to a June 1987 review hearing, Ramsey County learned of appellant's actual employment. After a review hearing held in December 1987, all prior support orders were vacated and support was set at $528 per month commencing January 1, 1988. Judgment was entered in the amount of $10,107, the difference between the amount of support actually paid and what appellant had the ability to pay from August 1985 through December 1987.

On March 16, 1989, appellant moved for modification of his child support based on loss of employment. The referee found that as of May 22, 1989 appellant was married, had two children, was employed with net monthly earnings of $663.18. Appellant's schedule of expenses for himself

and his family was rejected as lacking in credibility due to appellant's history of deliberate fraud on the court. The referee further found that respondent was employed with a net monthly income of $1,165.43 per month, and that the reasonable needs of respondent and her family were $1,659–$1,678 per month. Regarding the "special needs" of the minor child, the referee found:

The minor child, Douglas, age 6, has behavioral problems, and the custodial parent has been urged to keep him back a year in school. The child needs to be involved in more social programs, such as T-ball, which the custodial parent cannot afford. The cost of day care alone for Douglas is variable and about $160–$175 per month.

In setting child support, the referee found:

The obligor's child support obligation should be modified to the sum of $375 per month commencing June 1, 1989. This constitutes an upward departure from the child support guidelines in modifying the obligor's child support obligation. Departure from the guidelines is necessary due to the special needs of the child, including his day care costs and need to be involved in social programs.

The October 24 order directed payment of child support by income withholding and required appellant to notify Ramsey County within five days of any change in income or employment. The order further stated that appellant's failure to so notify will result in automatic reinstatement of the prior child support obligation.

Appellant sought review of the referee's recommended order under Minn.R.Civ.P. 53. By order on December 28, 1989, the trial court confirmed the referee's recommended findings and order in all respects. This appeal followed.

## ISSUES

1. Do the trial court's findings support a threefold upward departure from the child support guidelines?

2. Did the trial court err by refusing to order modified child support retroactive to the date of appellant's motion?

3. Did the trial court err in ordering immediate wage withholding?

4. Did the trial court err by ordering reinstatement of the prior support obligation if appellant failed to notify Ramsey County of any change in income or employment as directed?

## ANALYSIS

### I.

Child support may be modified when there is a substantial change in circumstances making the previous decree unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1988). The children's needs and the parties' financial circumstances determine the appropriate amount of modification. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986).

On appeal this court will reverse only when the trial court has abused its discretion, so that the determination "is against logic and the facts on the record." *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984) (citations omitted), or when it has failed to make sufficient findings showing it considered all the appropriate factors in making its decision. *Moylan,* 384 N.W.2d at 865.

■ Appellant claims that the trial court erred in setting the support order three times the guidelines. We agree.

The trial court found appellant's net monthly income to be $663.18. Under the guidelines, the appropriate level of support would be 18% of appellant's net income, or $119.37 per month. However, the trial court set the modified support at $375 per month, three times the guidelines amount, and representing over half of appellant's monthly income.

The trial court failed to appropriately weigh the parties' financial circumstances and the needs of the child in determining the amount of support. Although the trial court did not err in refusing to accept appellant's unverified schedule of ex-

penses, the court still should have considered reasonable living expenses for appellant and his family. *See Scearcy v. Mercado,* 410 N.W.2d 43, 46 (Minn.App. 1987) (trial court should consider obligor's current family obligations in determining his available resources). With or without a verified schedule of expenses, appellant, his wife and their two children cannot survive on $288.18 per month. Moreover, the trial court erred in assessing respondent's available resources. The trial court found respondent earned $1,165.43 per month and that the needs of appellant's son and two other minor children, not parties to this action, were $1,659 to $1,678 per month. The trial court failed to consider that respondent also receives $424.70 per month as child support for the other two children. The financial circumstances of the parties do not justify the upward departure from the child support guidelines ordered here.

■ The trial court indicated that departure from the guidelines was necessary due to the "special needs of the child, including his day care costs and need to be involved in social programs." The trial court found that the cost of day care for the parties' child varied between $160 to $175 per month, but made no finding as to the expense of the necessary "social programs." Even assuming that day care costs are a "special need," the trial court's findings do not supply a rational basis for the departure ordered. Although noting that appellant's earnings were "31% of his proven capacity to earn," the trial court did *not* find that appellant had unjustifiably self-limited his income. On the contrary, the trial court stated that appellant had "provided verification that the loss of employment was not in bad faith." Therefore, appellant's earning capacity could not be used as the basis for determining support. *See Beede v. Law,* 400 N.W.2d 831, 835 (Minn.App.1987) (earning capacity not an appropriate measure of income where obligor has not unjustifiably self-limited his income). The order for support was an abuse of discretion.

## II.

■ The trial court made the modified support obligation retroactive to June 1, 1989, the date the first payment was due after the initial modification hearing on May 10. Appellant argues the reduced level of support should have been made effective as of March 16, 1989, the date of appellant's modification motion. We disagree.

Minn.Stat. § 518.64, subd. 2 (1988) provides in part that:

A modification of support or maintenance *may* be made retroactive only with respect to any period during which the petitioning party has a pending motion for modification, but only from the date of service of notice of the motion on the responding party.

*Id.* (emphasis added.)

The use of the word "may" in Minnesota statutes is "permissive." Minn.Stat. § 645.44, subd. 15 (1988). The trial court did not abuse its broad discretion in setting the effective date of the modified support.

## III.

■ The trial court ordered appellant's child support payments be collected "by immediate income withholding." Appellant claims the trial court lacked authority to order immediate wage withholding where the conditions set out in Minn.Stat. § 518.611, subd. 2 (1988) were not met. We agree.

Minn.Stat. § 518.611, subd. 2 provides for withholding whenever the obligor fails to make the maintenance or support payments and five conditions are met. Those conditions include (1) that the obligor is at least 30 days in arrears and (2) the obligee or public authority serves written notice of income withholding, showing arrearages, on the obligor. Minn.Stat. § 518.611, subd. 2(1)–(2). Within 15 days after service of notice, the obligor may move the court to deny withholding, and the obligor is enti-

tled to a hearing on the motion. Minn.Stat. § 518.611, subd. 2(3). Clearly, the right to a hearing is designed to protect the obligor from unwarranted income withholding.

Here, it is undisputed that appellant was not 30 days in arrears at the time of the modification hearing, and no written notice of income withholding was served on appellant. Respondents submitted affidavits indicating that, in the past, appellant's support payments were frequently late. However, by failing to serve notice as required when those arrearages occurred, the statutory withholding provisions were not activated. Respondents argue, however, that the trial court has discretion to order income withholding notwithstanding section 518.611, subd. 2. We disagree. Respondents' position would make the notice and hearing provisions of the statute meaningless. The legislature could not have intended such a result.[1] We hold the trial court erred in ordering immediate income withholding.

## IV.

The trial court ordered appellant to notify Ramsey County within five days of any change in income or employment, and provided that failure to so notify would result in reinstatement of the prior child support obligation effective as of the date of the change in income or employment. Appellant does not object to the requirement that he report any changes to Ramsey County, but argues the trial court lacked authority to reinstate prior child support because of a failure to report. Respondents argue the trial court acted within its discretion and the situation is analogous to a finding of constructive civil contempt.

■ The trial court's authority to modify an order for support is limited to the circumstances stated in Minn.Stat. § 518.64, subd. 2 (1988). The court does not have authority to order reinstatement of a higher level of support as a penalty for failure

---

1. Minn.Stat. § 518.613 (Supp.1989) provides that all child support and maintenance obligations initially ordered or modified on or after November 1, 1990, and that are being enforced by the public authority, are subject to income withholding, with waiver allowed under certain conditions. This statute is an additional indication that judicial discretion to order income withholding is limited to explicit statutory authorization.

to report a change in employment or income. Even if reinstatement of previous child support is analogous to constructive civil contempt, the order is defective because it potentially penalizes appellant without providing for a hearing to show compliance or reasons for noncompliance. *See* Minn.Stat. § 588.09 (1988); *Mahady v. Mahady,* 448 N.W.2d 888, 891 (Minn.App. 1989). The trial court erred in ordering reinstatement of prior child support as a penalty for failure to report.

## DECISION

The amount of modified child support the trial court awarded was without a rational basis and is reversed. The trial court did not err in setting the effective date of modified support. The trial court lacked authority to order outright income withholding and to reinstate the prior child support obligation if appellant failed to report changes in income or employment. The matter is remanded for further proceedings and findings in accordance with this opinion.

Affirmed in part, reversed in part and remanded.