**Steven Harold BELTZ,
Petitioner, Appellant,**

v.

**Karen Ann BELTZ, Respondent.**

**No. C7–90–1650.**

Court of Appeals of Minnesota.

March 12, 1991.

Review Denied April 29 and
May 23, 1991.

Patrick A. Lowther, Sleepy Eye, for appellant.

James R. Olson, John R. Rodenberg, Asst. Brown County Atty., New Ulm, for respondent.

Considered and decided by LANSING, P.J., and KLAPHAKE and NIERENGARTEN,* JJ.

* Wm. J. Nierengarten, retired judge of the district court, acting as judge of the court of appeals by

## OPINION

KLAPHAKE, Judge.

The trial court denied appellant Steven Beltz's motion for a modification in child support, concluding that any decrease in his earnings did not constitute a substantial change in circumstances and that his support obligation for one of the parties' two children did not terminate when that child reached the age of emancipation. We reverse and remand to recalculate appellant's earnings and to determine whether the parties agreed in writing to a constant level of child support even after one child reached the age of emancipation.

## FACTS

The fifteen-year marriage of appellant Steven Beltz and respondent Karen Beltz was dissolved on September 25, 1985. At the time of dissolution, the court determined appellant's monthly income to be $1,572. In dividing marital property, the court awarded appellant a 60 percent interest in a $50,000 promissory note. The note accrued interest at nine percent, with payments on interest and principal to commence in April 1990.

Respondent was awarded physical custody of the parties' two children, Sybil, now age 19, and Sally, now age 15. Appellant was ordered to pay $470 per month child support.

Following appellant's motion for a reduction in child support, the court found appellant's 1988 net monthly income was $778 and his current monthly income is $1,177. The court arrived at $1,177 by adding $399 per month which appellant receives from the promissory note to the $778 figure he claimed as his 1988 income. Appellant, however, had recently become employed as an insurance agent but had not established his earning capacity at the time of the motion. The trial court did not include $1,800 per month "financing" from appellant's employer which is repayable under limited conditions. Appellant's motion for a reduction in child support was denied on

appointment pursuant to Minn. Const. art. VI, § 2.

a finding that appellant's decrease in earnings from $1,572 to $1,177 did not constitute a substantial change in circumstances.

Appellant again moved for a reduction in child support. He argued Minn.Stat. § 518.64 (1988) automatically requires a reduction in his child support because of Sybil's emancipation. The trial court denied the motion, finding the decree specifically provided child support would continue until the youngest child reached age 18 or graduated from high school, whichever is later.

## ISSUES

1. Did the trial court properly calculate appellant's earnings in determining whether to modify his child support obligation?

2. Did the trial court err in denying appellant's motion for a reduction in child support based on the emancipation of one of the parties' children?

## ANALYSIS

1. A trial court has broad discretion in determining whether to modify a child support order. *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986). An appellate court will reverse a modification order only if it finds a " 'clearly erroneous conclusion that is against logic and the facts on record.' " *Id.* (quoting *Rutten v. Rutten*, 347 N.W.2d 47, 50 (Minn.1984)).

Appellant contends the trial court erred in calculating his current earnings. We agree.

A court may modify a support order if a party can show substantially decreased earnings. Minn.Stat. § 518.64, subd. 2 (1988). The term "earnings" as used in Minn.Stat. § 518.64, subd. 2 is undefined. "Income," which is used to calculate an original child support award, is defined as "any form of periodic payment to an individual." Minn.Stat. § 518.54, subd. 6 (1988). Courts have generally used the two terms interchangeably. *See LeTendre v. LeTendre*, 388 N.W.2d 412, 416 (Minn. App.1986).

The trial court included as earnings the $399 per month payment appellant receives under the promissory note. How-

ever, at the time of the dissolution, each party received a portion of the note as marital property. Under these circumstances, the note should not have been considered as earnings in determining whether to modify child support. *See Maxson v. Derence*, 384 N.W.2d 583, 585 (Minn. App.1986) (income from contract for deed awarded in dissolution does not constitute earnings under Minn.Stat. § 518.64, subd. 2). However, the nine percent interest which appellant receives on the note is "available" now and should therefore be considered as earnings. *See Dinwiddie v. Dinwiddie*, 379 N.W.2d 227, 229–30 (Minn. App.1985) (income is based on money available to taxpayer and interest income must be included in income calculation).

Throughout the parties' marriage and continuing to the present appellant's income has included rental income. The trial court, apparently based upon appellant's 1988 tax returns, found appellant's income to be $778 per month. While appellant's 1988 adjusted gross income was $11,-486, he claimed depreciation of $6,921 on his rental property. The trial court must evaluate the claimed depreciation to determine whether it reflects true depreciation or depreciation for tax purposes only. *See Larson v. Larson*, 370 N.W.2d 40, 43 (Minn.App.1985).

Additionally, the trial court did not consider the $1,800 per month appellant receives in "financing" from his employer. Under the terms of appellant's employment agreement, he will receive this monthly payment for three years. He must fully repay this amount only if he becomes employed with a competitor within two years after terminating his employment. The trial court must determine whether any of the $1,800 is not a reasonable business expense and thus available as earnings. *See Dinwiddie*, 379 N.W.2d at 230.

We reverse the order denying appellant's motion for a modification of child support because the trial court failed to include appropriate items and included erroneous items in its determination of earnings. While the record suggests that appellant's

earnings have not decreased substantially, we decline to affirm the trial court's conclusion in the absence of appropriate findings. *See Moylan*, 384 N.W.2d at 863.

■ 2. Appellant also contends Minn. Stat. § 518.64, subd. 4 (1988) automatically terminated a portion of his child support obligation upon Sybil's emancipation. The statute provides:

> Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child are terminated by emancipation.

*Id.* The parties do not dispute that Sybil is emancipated.

■ We agree that Minn.Stat. § 518.64, subd. 4 automatically requires a reduction in child support upon emancipation unless the statutory conditions allowing the support to continue are met. This approach is consistent with the child support guidelines, which decrease the support amount as the number of children decreases. Minn.Stat. § 518.551, subd. 5(a) (1988); *see Erickson v. Erickson*, 409 N.W.2d 898, 901 (Minn.App.1987). This is also consistent with the requirement that child support must be based upon need. Minn.Stat. § 518.551, subd. 5(b)(2) (1988). The trial court found the language of the decree "specifically" required child support to continue until the youngest child became emancipated. We disagree.

> The decree provides that:
> child support shall cease when the youngest child reaches 18 years of age or graduates from secondary school, whichever is later.

The decree did not expressly contemplate Sybil's emancipation. Two different paragraphs in the decree address the amount and duration of child support, and together they do not indicate whether child support is reduced after Sybil's emancipation.

The trial court made no finding as to whether the stipulation constituted an agreement in writing under the statute. The stipulation contains the same ambiguous language as the decree. However, at oral argument both parties claimed the circumstances leading to the stipulation were

relevant in deciding what the agreement meant.

We remand to the trial court to determine appellant's earnings and to determine whether the stipulation was a written agreement providing support beyond emancipation.

### DECISION

Reversed and remanded.