In re the Matter of Dale Lyle DISRUD, Petitioner, Appellant,

v.

Ann Louise DISRUD, Respondent.

No. C6-91-225.

Court of Appeals of Minnesota.

Sept. 24, 1991.

Stuart E. Gale, Bloomington, for appellant.

David W. Lee, Jan Henry Susee, Susee & Lee, Ltd., Richfield, for respondent.

Considered and decided by KLAPHAKE, P.J., and LANSING and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant Dale Lyle Disrud appeals from an order modifying the child support obligations established in the judgment and decree of dissolution. We affirm in part, reverse in part, and remand.

## FACTS

The marriage between appellant Dale Lyle Disrud and respondent Ann Louise Disrud was dissolved pursuant to a November 17, 1988, judgment and decree. Under the judgment and decree, the parties were awarded joint legal custody of their three children, but respondent was awarded physical custody of Randy and Ryan, while appellant was awarded physical custody of the parties' eldest child, Scott. The district court ordered appellant to pay respondent monthly child support of $583, and respondent to pay appellant monthly support of $246. Using a setoff, the district court then ordered that appellant pay a net of $337 per month (rounded off to $335 per month). This calculation appears expressly in the district court's finding II, but was inartfully stated in Conclusion of Law 4:

> [Appellant] shall pay the respondent as and for support of the minor children in primary physical custody of the respondent the sum of $335.00 per month * * * until the said children shall become 18 years of age, or while a child is under 20 years of age and attending secondary school, or while a child by reason of his physical or mental condition is unable to support himself; or married or otherwise emancipated.

On November 8, 1989, Scott turned 18 years of age. The following June he graduated from high school and, in September 1990, enlisted in the Navy. On July 30, 1990, a referee heard respondent's motion for back termination of respondent's cross-support obligation and an increase in appellant's child support obligation based in part on the change in appellant's circumstances occasioned by Scott's entry into the armed forces. The referee denied the motion, stating "[t]here has not been such a change [in circumstances] to make the original stipulated judgment and decree unreasonable and unfair." The trial court agreed that the original judgment and decree did not provide for termination of appellant's

right to offset respondent's obligation for Scott's support at the time Scott was emancipated, but he did find that a substantial change of circumstances existed as a result of Scott's emancipation and that the terms of the original judgment and decree were now unreasonable and unfair.

The trial court, therefore, terminated respondent's child support obligation and, applying the guidelines to appellant's increased income, increased appellant's child support obligation to the sum of $636 per month. This decision of the trial court is now here on appeal.

## ISSUES

1. Did the trial court err in terminating respondent's child support obligation because of changed circumstances?

2. Should respondent's obligation have ended because of the emancipation of the eldest of the parties' three children?

## ANALYSIS

We begin by noting that appellant's argument that the trial court inappropriately increased his child support obligation by over $300 misconstrues the situation. Specifically, appellant's monthly child support obligation was originally set at $583. The reason appellant was originally required to pay respondent only $335 per month was because the decree allowed appellant to setoff respondent's obligation to appellant. As a result of the trial court's termination of respondent's obligation to appellant upon Scott's emancipation, there is nothing for appellant to offset against his own preexisting obligation. Therefore, while appellant's monthly *outlay* increased from $335 to $636, partly as a result of Scott's emancipation and partly as a result of the trial court's recalculation of the child support obligation, appellant's own monthly support *obligation* increased only $53, from $583 to $636.

### I.

■ Any argument that the trial court should not have terminated respondent's cross-support obligation to appellant is academic:

Unless otherwise agreed in writing or expressly provided in the decree, provisions for the support of a child *are terminated* by emancipation of the child.

Minn.Stat. § 518.64, subd. 4 (1990) (emphasis added). When it was recently argued that termination of child support obligations was spontaneous under this statute upon a child's emancipation, we held:

We agree that Minn.Stat. § 518.64, subd. 4, *automatically* requires a reduction in child support upon emancipation unless the statutory conditions allowing support to continue are met.

*Beltz v. Beltz,* 466 N.W.2d 765, 768 (Minn. App.1991), *pet. for rev. denied* (Minn. May 23, 1991) (emphasis added).

Here, the trial court found the original judgment and decree did not provide for termination of respondent's support obligation upon Scott's emancipation. This finding is unacceptable under the statute. Unless a continuing obligation is "expressly provided" for, as required under Minnesota Statutes, section 518.64, subdivision 4, any post emancipation support obligation for the eldest child is inconsistent with the statute. The offset obligation having ended, appellant must pay $583 per month.[1]

### II.

The question, then, becomes the propriety of the trial court's increase in appellant's child support obligation in the effective amount of $53 per month.

■ A decision to modify child support obligations lies in the broad and sound discretion of the trial court, and the trial court will not be reversed for an abuse of that discretion unless it has reached a clearly erroneous conclusion that is against logic and the facts on record. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984). The trial

---

1. To the extent appellant argues that the child support and maintenance awarded in the original judgment and decree were intended to equalize the parties' disposable income, we note that child support obligations are based primarily on the custodial parent's financial need associated with the children. *See Beltz,* 466 N.W.2d at 768; Minn.Stat. § 518.551, subd. 5(b)(2).

court's discretion, however, must be exercised within the limits set out by the legislature. *Moylan v. Moylan,* 384 N.W.2d 859, 864 (Minn.1986).

Regarding support modifications, Minnesota Statutes, section 518.64, subdivision 2 (1990), provides:

The terms of a decree respecting maintenance or support may be modified upon a showing of one or more of the following: (1) substantially increased or decreased earnings of a party; (2) substantially increased or decreased need of a party; (3) receipt of assistance under sections 256.72 to 256.87; or (4) a change in the cost of living for either party as measured by the federal bureau of statistics, any of which makes the terms unreasonable and unfair.

In applying this statute, the court in *Moylan,* 384 N.W.2d at 864, stated:

The statute requires a two-step analysis: (1) Do any of the four factors in Minn. Stat. § 518.64, subd. 2, alone or in combination, create a substantial change in circumstances warranting a modification in child support?; and (2) *if so,* * * * what modification should the court make?

(Emphasis added.) Under the statute and *Moylan,* the degree of modification is addressed if there is a substantial change involving one or more of the statutory factors. Here, the trial court found:

9. That there is a substantial change in circumstances *by reason of Scott's emancipation.* That said emancipation into the military service has substantially decreased [appellant's] need for support from respondent. That the [appellant] no longer provides ordinary and necessary living expenses for Scott.

10. That the change in circumstances makes the terms of the Judgement and Decree unreasonable and unfair. That by reason of Scott's emancipation into the military service neither [appellant] nor Scott are in need of child support payments from respondent.

(Emphasis added.) The trial court's analysis does not comport with existing authority.

Emancipation of a child by itself is not a circumstance listed in the "substantive change" provisions of Minnesota Statutes, section 518.64, subdivision 2, justifying the modification of a custodial parent's child support obligation. While we recognize that emancipation of a child, under appropriate circumstances, could be found to decrease the financial needs of a custodian/obligor to the point where sufficient additional monies are available to the custodian/obligor to justify an upward modification of his or her child support obligation, the trial court did not make findings definitively indicating these circumstances. *See* Minn.R.Fam.Ct. 7.05 ("All orders * * * in family court proceedings shall contain particularized findings of fact sufficient to support the determination.").

■ The relevant findings here merely indicate appellant's income had increased and that appellant no longer provides the necessary living expenses for Scott. The trial court did not explain whether either factor or a combination of these elements constitute the "substantial change" necessary to allow modification of a child support obligation. Therefore, the trial court's findings are insufficient to allow us to review the propriety of the trial court's modification of appellant's child support obligation. *See Dougherty v. Dougherty,* 443 N.W.2d 193, 195 (Minn.App.1989) (Modification of child support reversed and remanded because trial court did not determine whether increase in obligor's income was "substantial."). We are uncertain whether the trial court would have arrived at the same result if applying proper rules and, therefore, remand instead of speculating that it would have done so in order that we might affirm.

## DECISION

We affirm on independent grounds the trial court's conclusion that the eldest son has become emancipated and that appellant, therefore, can no longer reduce his payments by the amount of respondent's terminated obligation to pay child support for Scott.

We reverse as to the modification of appellant's obligation for child support. His obligation is now at the level established in the original judgment and decree without setoff, $583. Whether and to what degree this amount should be adjusted depends upon application of cost-of-living adjustments and substantial change or combination of changes in the party's circumstances.

Affirmed in part, reversed in part, and remanded.

LANSING, Judge (concurring in part and dissenting in part).

I concur in the majority's holding that the emancipation of Scott Disrud terminated the obligation for his maintenance. *See* Minn.Stat. § 518.64, subd. 4 (1990) (emancipation of child terminates obligation for child support unless otherwise agreed in writing or expressly provided in the decree). I do not agree that the trial court's findings on changed circumstances require additional specificity.

A family court referee and a reviewing judge evaluated a substantial amount of evidence on a complicated child support provision in the original decree, examined income and expenses and made specific determinations that Dale Disrud's monthly net income had increased from $1,934 to $2,120, and that Ann Disrud's monthly net income had increased from $985 to $1,190. The court expressly found that Scott Disrud's reaching the age of 18 and entering military service eliminated the necessity of Dale Disrud's providing his son's ordinary and necessary living expenses, and this constituted a substantial change in circumstances that made his previous child support obligation unreasonable and unfair. Neither *Moylan v. Moylan*, 384 N.W.2d 859, 864 (Minn.1986) nor Family Court Rule 7.05 requires more.

Dale Disrud challenges neither the finding of the increase in his income nor the finding that Scott Disrud is now emancipated. The trial court simply applied the guidelines to undisputed income. To remand for more specific findings is hypertechnical and allocates the minimal increase of $53 to additional attorney's fees rather than the welfare of the children.