**In re the Marriage of Patricia L. ROONEY, Petitioner, Respondent,**

**v.**

**Michael T. ROONEY, Lower Court Respondent,**

**Christ's Household of Faith, Inc., Appellant.**

**No. C7–91–945.**

Court of Appeals of Minnesota.

Dec. 24, 1991.

Arthur C. Benson, Harvey, Sheehan & Benson, Minneapolis, for appellant.

Pamela L. Green, New Hope, for respondent.

Considered and decided by LANSING, P.J., and PARKER, and FOLEY, JJ.

## OPINION

FOLEY, Judge.*

Appellant Christ's Household of Faith, Inc., challenges the trial court's judgment against it as an ex-spouse's employer for payment of maintenance and child support obligations as mandated income withholding under Minn.Stat. §§ 518.611 and 518.-613 (1990). Appellant contends the statutes are unconstitutional as applied because they do not provide due process. Respondent Patricia L. Rooney seeks an award of attorney fees incurred in defending this appeal pursuant to Minn.Stat. § 518.14 (1990). We reverse and remand for further proceedings consistent with this opinion. We deny respondent's motion for attorney fees.

## FACTS

Respondent and Michael T. Rooney were married in 1964. Except for a five and one-half year period during the 1970's, the Rooneys were voluntary members of appellant, a Minnesota nonprofit corporation, from 1969 until 1987.

Appellant uses the name North Star Services, Incorporated when engaged in business activities. Its primary business is selling home remodeling services to the public. Rooney works as a purchasing agent for appellant, but does not receive

cash compensation. He transferred all of his possessions to appellant and in return, is given free food, clothing, housing, education, medical care and automobile use.

The Rooneys divorced on October 14, 1988. The trial court found the value of Rooney's services to appellant was $24,000 per year. The trial court ordered him to pay $250 monthly maintenance and $600.52 monthly child support.

On May 14, 1990, the trial court administrator entered judgment against Rooney for unpaid maintenance and ordered appellant to withhold Rooney's income to pay his monthly maintenance and support obligations, and $170.10 per month toward arrearages. The trial court recognized that appellant did not directly compensate Rooney but compensated him in-kind.

On February 21, 1991, a family court referee found appellant had not made maintenance nor arrearage payments as ordered by the trial court. The referee found appellant was current in child support payments through August 1990. Beginning September 1990, appellant had submitted four monthly child support payments of $105.42. Appellant stated this amount represented the portion of its monthly income attributable to Rooney for federal income tax purposes. The referee held this was a unilateral reduction of Rooney's court-ordered child support obligation. The referee denied appellant's motion to stay the order pending appeal.

The trial court administrator entered judgment on the same day against Rooney and appellant as his employer for maintenance arrearages from April 1990 through January 1991 of $2,500, child support arrearages through January 1991 of $2,475.50, unpaid attorney fees of $650 and attorney fees for the current hearing of $850. The judgment authorized continued income withholding, including the $170.10 monthly arrearage payment. The trial court gave respondent the right to levy upon assets of appellant and Rooney if payments were more than 30 days late.

---

* Retired judge of the Court of Appeals, acting by appointment pursuant to Minn. Const. art. VI, § 2.

On April 25, 1991, the trial court affirmed the referee's decision and denied appellant's request for oral argument. Appellant alleges it is not a proper party to this action and should not be subject to the judgment entered against it. Appellant disputes that it is an employer and that Rooney is an employee. Appellant also contends the income withholding statutes are unconstitutional as applied because they deny it due process—an opportunity to appear and present evidence. Respondent seeks an award of $3,385 attorney fees and costs incurred in defending the appeal, pursuant to Minn.Stat. § 518.14.

## ISSUES

I. Are Minn.Stat. §§ 518.611 and 518.613, which allow income withholding to pay maintenance and child support in a marriage dissolution action and hold an employer ultimately liable for the payments, unconstitutional as applied to appellant because they do not provide due process?

II. Does respondent meet the requirements for an award of attorney fees and costs for this appeal under Minn.Stat. § 518.14?

## ANALYSIS

### I.

■ On appeal, we independently review "the record in light of the relevant law to determine" whether the trial court made the proper legal conclusion. *Jadwin v. Minneapolis Star & Tribune Co.*, 367 N.W.2d 476, 483 (Minn.1985). Statutory construction is clearly a question of law and thus fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

■ The income withholding procedure is analogous to a garnishment. In garnishment proceedings, an order to show cause requires an evidentiary hearing. Minn. Stat. § 571.932, subd. 2 (1990). In this case, the trial court did not grant, deny, or address appellant's request for an evidentiary hearing. The trial court did not clearly determine whether appellant is Rooney's employer, nor the amount that must be withheld from his income. The trial court's decision and the decision of the referee are incomplete.

■ The trial court cannot ignore appellant's request for an evidentiary hearing. Ordinary rules of due process mandate a hearing. Appellant has a right to be heard *unless* it waived its right by its conduct. Although appellant could have submitted evidence through Rooney in the initial hearing, failure to do so does not constitute waiver. Perhaps the legislature could make the area of income withholding clearer and avoid future controversies by spelling out the right to an evidentiary hearing.

### II.

Under Minnesota law, this court has discretion to award attorney fees in a marriage dissolution proceeding. Minn.Stat. § 518.14. This court must find that the fees are necessary for the good-faith assertion of the party's rights and will not contribute unnecessarily to the length and expense of the proceedings; that the party from whom fees are sought has the means to pay for them; and that the party to whom fees are awarded does not. *Id.* We deny respondent's motion.

## DECISION

We reverse the trial court's judgment against appellant as an ex-spouse's employer for payment of maintenance and child support obligations under Minn.Stat. §§ 518.611 and 518.613. Appellant has a right to an evidentiary hearing *unless* it waived its right by its conduct.

We remand for the trial court to clearly enunciate answers to the following questions: (1) Did appellant by its conduct waive its right to an evidentiary hearing? (2) If not, is appellant an employer? (3) If so, what is the amount of Rooney's spousal maintenance and child support obligation?

We deny respondent's motion for an award of attorney fees and costs for this appeal.

Reversed and remanded.