**In re the Marriage of Ronald HAMANN, Petitioner, Respondent,**

v.

**Sandra Kae HAMANN, Appellant.**

**No. C2–91–1520.**

Court of Appeals of Minnesota.

Feb. 4, 1992.

Ronald Hamann, pro se.

Vincent J. O'Brien, Law Office of Harry Schoen, Hastings, for appellant.

Considered and decided by FORSBERG, P.J., and CRIPPEN and DAVIES, JJ.

## OPINION

CRIPPEN, Judge.

Eight years after dissolution of the parties' marriage, appellant Sandra Hamann moved for increased child support and an

order permitting her to collect support through income withholding. The trial court denied appellant's motions without findings of fact on the modification proposal. We reverse and remand.

## FACTS

The parties were married in 1963 and had four children. In a 1983 judgment dissolving the marriage, the trial court ordered respondent Ronald Hamann to pay weekly benefits worth $260 per month for permanent ongoing child support. At that time, respondent was employed only part time and made $9.59 per hour. Upon termination of the support obligation for a child, respondent's total monthly obligation decreased by $30. Thus, respondent's cost was reduced to $230 per month in August 1986 and $200 per month in May 1991, and it will be reduced to $170 per month in March 1993. The obligation will terminate in April 1995. The judgment also required respondent to pay for health insurance covering the minor children and imposed conditional wage withholding. The court ordered a money judgment of $2420 for temporary child support in arrears, and ordered respondent to pay $50 per month until the arrearages were paid in full.

In 1985 support enforcement proceedings, the trial court entered judgment against respondent in the amount of $2,798.04 for arrearages up to December 7, 1984. In July 1991, appellant sought various additional relief, including enforcement of the 1984 judgment, a judgment for subsequent arrearages of $931.33, an increase in the award due to changed circumstances of the parties, an adjudication of respondent's contempt of court, and an order directing wage withholding. The trial court ordered judgment for arrearages totaling $3,729.37, and ratified respondent's medical insurance obligation, but the court denied other relief for appellant. The court made no findings to explain the denial of appellant's petition for increasing the support award.

## ISSUES

1. Did the trial court err in denying appellant's request for income withholding?

2. Did the trial court abuse its discretion in denying appellant's request for an increase in child support?

## ANALYSIS

■ 1. When reviewing questions of law, this court need not defer to the district court's determination. *Allison v. Sherburne Country Mobile Home Park,* 475 N.W.2d 501, 503 (Minn.App.1991). "Statutory construction is a question of law which this court reviews de novo." *Royal–Milbank Ins. Co. v. Busse,* 474 N.W.2d 441, 442 (Minn.App.1991) (citing *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn. 1977)).

Appellant contends the trial court erred when it denied her request for income withholding. In *Finch v. Marusich,* 457 N.W.2d 767, 768 (Minn.App.1990), the trial court ordered income withholding where an obligor had a history of deliberate fraud on the court. However, the obligor in *Finch* was not 30 days in arrears at the time of the child support modification hearing and no written notice of income withholding was served on him. *Id.* at 770. For these reasons, this court held that income withholding may not be ordered unless the requirements of Minn.Stat. § 518.611, subd. 2 are met. *Id.*

■ Minn.Stat. § 518.611, subd. 2(a) (1990) provides that withholding "shall result" whenever the obligor fails to make child support payments and certain conditions are met. *See* Minn.Stat. § 645.44, subd. 16 (1990) ("shall" is mandatory language). These conditions include: (1) the obligor is at least 30 days in arrears; (2) the obligee serves written notice of income withholding, showing arrearage, on the obligor at least 15 days before service of the notice of income withholding; and (3) within the 15 day period, the obligor fails to move the court to deny withholding on the grounds that an arrearage of at least 30 days does not exist as of the date of the notice of income withholding, or on other

grounds limited to mistakes of facts. Minn.Stat. § 518.611, subd. 2(a). Based on this statute and ordinary rules of due process, an obligor is entitled to notice and a hearing before income is withheld. *Rooney v. Rooney,* 478 N.W.2d 545, 547 (Minn. App.1991) (failure to hold an evidentiary hearing for income withholding is error). According to the statute, the hearing permits an obligor to be heard on a claim "that an arrearage of at least 30 days does not exist as of the date of the notice of income withholding, or on other grounds limited to mistakes of fact." Minn.Stat. § 518.611, subd. 2(a)(3).

In *Finch,* the trial court erred in ordering immediate income withholding because the obligor in that case failed to receive notice when the arrearages occurred. *Finch,* 457 N.W.2d at 770. The facts in this case are distinguishable. Here, the trial court entered a judgment for arrearages in June 1985, following notice and a hearing. Again on July 31, 1991, respondent received notice and a hearing before findings on his arrearages. He has had the opportunity to be heard on the existence of arrearages or claims of mistake. Under these circumstances, the statute mandates implementation of withholding. Although the statute does not speak of implementation as part of motion proceedings, the statutory provisions make it evident unconditional implementation can occur once the obligor has the opportunity to be heard on the question of whether he has existing arrearages of over 30 days. Any other interpretation of the statute leads to the absurd result of repeated hearings on the same subject matter. When interpreting a statute, it must be presumed the legislature did not intend to produce an absurd or unreasonable result. Minn.Stat. § 645.17(1) (1990).

2. An applicant is entitled to modification upon a showing of substantially changed circumstances which make prior terms unreasonable and unfair. Minn.Stat. § 518.64, subd. 2 (1990). Trial court findings are required when the court addresses modification issues. *Moylan v. Moylan,* 384 N.W.2d 859, 864–65 (Minn.1986). The trial court did not make required findings of fact and the case must be remanded for findings.[1]

## DECISION

The trial court erred in denying appellant's request for income withholding and in failing to make the necessary findings of fact before denying appellant's request for an increase in child support.

Reversed and remanded.

---

1. On remand, the trial court is to decide this case in accordance with the recently amended modification statute codified at Minn.Stat. § 518.64 (Supp.1991). *Erickson v. Erickson,* 409 N.W.2d 898, 902 (Minn.App.1987) (trial court to apply support guidelines effective at time of its decision).